**John V. HYRUP, Plaintiff,**

v.

**Thomas S. KLEPPE, Defendant.**

**Civ. A. No. 74–M–689.**

United States District Court,
D. Colorado.

Jan. 14, 1976.

Frank Delaney, Glenwood Springs, Colo., for plaintiff.

James L. Treece, U. S. Atty., Denver, Colo., and Hank Meshorer, Trial Atty., Dept. of Justice, Land and Natural Resources Division, Denver, Colo., for defendant.

## MEMORANDUM OPINION
## AND ORDER

MATSCH, District Judge.

The plaintiff seeks judicial review of a decision of the Department of the Interior Board of Land Appeals, dated June 12, 1974, under the Administrative Procedure Act, 5 U.S.C. §§ 701 to 706. The entire administrative record has been filed with the court and the matter is now ready for disposition.

John Hyrup is the owner of land in Eagle County, Colorado in Section 8, Township 8 South, Range 86 West of the 6th P.M. Near that land, in Section 9, there is a spring in a precipitous area of the public land. In January, 1969, Mr. Hyrup began a survey of a proposed pipeline to appropriate the waters of that spring and on March 15, 1969, he filed a map and statement with the office of the Colorado State Engineer. Thereafter, on or about June 3, 1969, the plaintiff filed a statement of claim and applied to the District Court of Garfield County, Colorado, for a decree of appropriation of the waters of that spring. On November 5, 1971, Mr. Hyrup obtained a conditional decree from that court for the appropriation of 1.71 cubic feet of water per second of time with a priority right dating from January 25, 1969, designated as priority No. 874.

On April 10, 1972, Mr. Hyrup filed an application with the Bureau of Land Management for a right of way for a pipeline across public land to convey water from that spring to the plaintiff's land. Mr. Hyrup had previously obtained an easement from Eagle County, Colorado, to run a pipeline along the borrow pit of a road connecting the public land to the site, near Basalt, Colorado where Mr. Hyrup was to make beneficial use of the water. Mr. Hyrup supplemented his application on June 21, 1972. Meanwhile, on April 25, 1972, he applied to the water court to establish a determination that he had used due diligence to perfect his conditional appropriation of water under the law of the State of Colorado. On June 30, 1972, the United States filed a statement of opposition in the water court. In that statement, the United States asserted that the water of the subject spring was not subject to appropriation under state law because the United States had reserved that water under an Executive Order of April 17, 1926. The United States did not pursue this issue in the water court. Having received no decision from the Bureau of Land Management on his application for right of way, Mr. Hyrup began construction of a pipeline in early April, 1973. A few days later, a cease and desist order was issued by the bureau and on April 18, 1973, it rejected his right of way application. While it is not very clear, it appears that the primary ground for rejection was that the spring was considered to have been withdrawn for public watering purposes under the Executive Order of April 17, 1926.

Mr. Hyrup continued construction and connection of the pipeline and made use of the water. The bureau considered that to be a trespass and on April 23, 1973, a written environmental report was made by the district engineer. In his statement the district engineer determined that the water supply was not needed for public purposes. He also determined that it was not needed for recreation, wildlife or any other bureau program. In the report, the district engineer discussed the spring as being a part of the drainage area of the Frying Pan River.

Mr. Hyrup appealed the rejection of his right of way application to the Office of Hearings and Appeals.

The final decision affirming the denial of the application for a right of way contained an extensive discussion of the effect of the Executive Order of April 17, 1926. The administrative law judge then said:

Appellant's contention that the spring was not withdrawn by the 1926 order could, absent other considerations, raise an issue of fact regarding whether the spring is really of the character contemplated by the order and the regulation, and a hearing might be

necessary to resolve this issue. However, this will not be required in light of our resolution of the issue of the right of way.

The administrative law judge then determined that Mr. Hyrup had sought a right of way under the Act of July 26, 1866, 43 U.S.C. § 661. He concluded that that statute was no longer in effect, having been superseded by the Act of March 3, 1891, 43 U.S.C. § 946, and the Act of February 15, 1901, 43 U.S.C. § 959. In short, the final decision was that Mr. Hyrup's application should be denied because he was proceeding under the wrong statute.

Upon the administrative record reviewed and the statements of counsel at the hearing on the defendant's motion for summary judgment, the conclusion is that the final decision made was an arbitrary one and an abuse of discretion and remand is required. While the final decision in this case was based upon the facile analysis that the application was made under the wrong statutory authority, it is apparent that the pivotal issue is the effect of the Executive Order of April 17, 1926 designated as Order of Withdrawal—Public Water Reserve No. 107. That order, pursuant to statute, withdrew from location, sale or entry

> . . . every smallest legal subdivision of the public land surveys which is vacant unappropriated unreserved public land and contains a spring or water hole, and all land within one quarter of a mile of every spring or water hole located on surveyed public land . . . .

It has been held, consistently, by administrative interpretation, that the effect of this executive order was to withdraw for public use every spring or water hole on public land which was not tributary to a running stream. At the argument of the present case, it was conceded that if this spring is actually tributary to the Frying Pan River, it would not be subject to the executive order of withdrawal and the statutory authority under which that order was issued. Counsel for Mr. Hyrup sought a

hearing before a hearing examiner of the Department of the Interior to demonstrate that the subject spring was in fact tributary to the Frying Pan River and could not be within the reservation. No such hearing was provided.

As previously noted, the April 23, 1973 environmental report on this pipeline shows that this spring is within the drainage area of the Frying Pan River. It also shows that there is no public use or public need for the water from this spring. Indeed, the administrative record reflects that officials of the Department of the Interior contacted the nearby town of Basalt to inquire as to its potential need for this water and the officials of Basalt said that they could not use the water from this spring. The physical descriptions contained in the various reports of observations of the pipeline location show clearly that this spring is on a slope and that its stream flow runs to the Frying Pan River.

Accordingly, the administrative record supports the plaintiff's contention that this spring does not come within the reservation of the executive order, because it is tributary to the river.

■ While the final decision under review discussed the matter of the reservation at great length, it concluded that whether the spring was subject to appropriation was not necessary for decision because the application was made under the wrong statute. Mr. Hyrup originally applied for a right of way under the Act of February 15, 1901, 43 U.S.C. § 959. After learning that the Department was considering the water to be unavailable for appropriation, Mr. Hyrup changed his application by inserting his entitlement to a right of way under the Act of July 9, 1870, 43 U.S.C. § 661. Under that statute, one who has obtained rights to the use of water for mining, agricultural, manufacturing or other purposes can construct ditches and canals on the public domain. The department contends that this statute was repealed by implication when the Congress adopted the later act. There is some support for

that view in the language deciding *Utah Power & Light Co. v. United States,* 243 U.S. 389 at 406–7, 37 S.Ct. 387, 61 L.Ed. 791 (1917). In my view, however, it is not necessary to conclude that Section 661 no longer has any force and effect as law. It is possible to read Section 661 and Section 959 together, harmoniously, and where that can be done, it is the plain duty of the court to make such an interpretation. Under such a reading, it would appear that Section 661 gives Mr. Hyrup recognition of the right to appropriate water under the law of the State of Colorado and a right to the use of public land for a pipeline. Section 959 authorizes the Secretary of the Interior to condition the use of such a right of way by regulations to protect the public interest. The public interest includes such reasonable conditions and limitations as may be necessary for the protection of the environment.

Given the confusion with respect to the statutes involved, the regulations of the Department of the Interior and the position of the Department of the Interior with respect to the applicability of the reservation of the executive order to this spring, the final action on the right of way application should not have been based upon so tenuous a rationale as the reference to the wrong statute.

The plaintiff has asserted jurisdiction in this case for the Court to direct the granting of the requested right of way under 28 U.S.C. § 1361. That section is inappropriate here because the responsibility of the Secretary of the Interior with respect to this right of way application is not merely ministerial and there is a basis for the exercise of discretion in setting requirements and limitations on its use. *Prairie Band of the Pottowatomie Tribe of Indians v. Udall,* 355 F.2d 364 (10th Cir. 1966) *cert. denied,* 385 U.S. 831, 87 S.Ct. 70, 17 L.Ed.2d 67. Likewise no jurisdiction is given to this Court under the Declaratory Judgment Statute, 28 U.S.C. § 2201. Because jurisdiction is limited to that which is provided by the Administrative Procedure Act, the remedy available here is limited to a remand with directions. The final decision in this case is clearly erroneous and the denial of right of way application constituted arbitrary and capricious action by the Secretary of the Interior.

Mr. Hyrup made his initial application for right of way in this matter on April 10, 1972. It would be an exercise in absurdity to require that he now begin the process anew with another application. Because it is clear on the record that the spring is not on land which comes within the reservation of the executive order, the Department of the Interior, on remand, should proceed to conduct a hearing to determine what, if any, modifications, changes or restrictions should be imposed on the use of this pipeline for the protection of the public interest. It is, therefore,

Ordered that the final decision of June 12, 1974 is reversed and this matter is remanded for further administrative proceedings consistent with the views expressed herein.