In re PENNSYLVANIA PEER
REVIEW ORGANIZATION,
INC., Debtor.

PENNSYLVANIA PEER REVIEW
ORGANIZATION, INC., Plaintiff,

v.

The UNITED STATES of America; Margaret Heckler, Secretary, United States of America, Department of Health and Human Services; Carolyn Davis, Administrator, Health Care Financing Administration, Department of Health and Human Services; Department of Health and Human Services, Health Care Financing Administration; United States of America, Department of Health and Human Services, Defendants.

Bankruptcy No. 1–85–00388.
Adv. 1–85–0148.

United States Bankruptcy Court,
M.D. Pennsylvania.

June 28, 1985.

Edward W. Rothman, and R. James Reynolds, Harrisburg, Pa., for plaintiff.

John Havas, Harrisburg, Pa., for defendants.

## MEMORANDUM

ROBERT J. WOODSIDE, Bankruptcy Judge.

This case concerns a complaint filed by Pennsylvania Peer Review Organization (hereinafter "Peer Review") in which it seeks to enjoin the federal government from terminating its contract with Peer Review. Peer Review has filed a petition in bankruptcy and has brought its case in this court after the District Court for the Middle District of Pennsylvania denied a similar request for relief on jurisdictional grounds.

### Procedural Background

On April 25, 1985, Peer Review filed a complaint and request for a preliminary injunction in the U.S. District Court for the Middle District of Pennsylvania. The complaint sought to enjoin various federal government officials and agencies (including the defendants herein) from terminating a federal contract with Peer Review. On May 3, 1985, Judge R. Dixon Herman held that although plaintiffs raised certain constitutional claims, the action was one "sounding in contract" and that, in accordance with 28 U.S.C. § 1346(a)(2), the action "should, properly, be in the Claims Court." *Pennsylvania Peer Review Organization, Inc. v. Heckler*, C.A. No. 85–0570 (M.D.Pa. May 3, 1985).

On May 31, 1985, Peer Review filed a petition for relief under Chapter 11 of the Bankruptcy Code. On June 13, 1985, plaintiff filed an adversary proceeding against the United States of America and various government officials and agencies. Plaintiff's complaint sought a temporary restraining order and a preliminary injunction to enjoin termination of its contract with the government. After conferring with the parties, this court, on June 13, 1985, denied the application for a temporary restraining order and set a hearing for June 19, 1985. On the day of the hearing, defendants filed an "Opposition to Debtor's Complaint for a Preliminary Injunction" raising various legal grounds for denying any relief to the plaintiff. This court has elected to treat defendants' Opposition as a Motion to Dismiss plaintiff's complaint and has so indicated to the parties at oral argument held on June 19, 1985.

Also on the day of the argument, plaintiff filed an Amended Complaint which omitted the prior request for a preliminary injunction and requested instead an Order

declaring the government's termination of the contract to be invalid as well as an Order enjoining defendants from taking any action to either terminate or to further terminate the contract.

The issues in this case have been briefed and argued and the matter is now ready for decision.

### Facts

Peer Review alleges that on October 13, 1984, it entered into a contract with the Health Care Financing Administration of the Department of Health and Human Services (hereinafter "HCFA") to review the quality, necessity, reasonableness and appropriateness of health care services furnished under the Medicare program in Pennsylvania. Plaintiff further alleges that after making an initial advance and after paying Peer Review for two months of reviews, HCFA withheld further payment and subsequently wrongfully terminated the contract.[1] Peer Review challenges the termination procedure utilized by the government on the grounds that it failed to comply with applicable termination requirements set forth in 42 U.S.C. § 1320c–2(d) and that it failed to afford Peer Review its Constitutional right to due process.

### Discussion

The government's challenges to plaintiff's complaint include the arguments that judicial review of the government's termination decision is barred by 42 U.S.C. § 1320c–2(f); that because the contract is non-assignable under applicable non-bankruptcy law, section 365(c) of the Bankruptcy Code bars it from being assumed by Peer Review; and that because specific performance is unavailable to plaintiff out-

side of the bankruptcy forum, such relief is unavailable here as well. The government thus argues that this court lacks jurisdiction to hear Peer Review's claim for relief. For the reasons stated in this memorandum, we agree.

Our analysis must begin with the question of whether 42 U.S.C. § 1320c–2(f) bars all judicial review of the government's termination decision. That section states:

> Any determination by the Secretary to terminate or not to renew a contract under this section shall not be subject to judicial review.

42 U.S.C. § 1320c–2(f). The statute thus clearly appears to preclude this court's ability to review the termination of Peer Review's contract.

Plaintiff counters, however, with the argument that the statute cannot preclude constitutional challenges to the Secretary's actions. In addressing this contention we must first review the applicable case law.

In *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) the court, in reviewing section 205(h) of the Social Security Act, 42 U.S.C. § 405(h)[2] indicated that it would not lightly find that a statutory provision precluded all judicial review. The court stated:

> Not only would such a restriction have been extraordinary such that "clear and convincing" evidence be required before we would ascribe such intent to Congress, but it would have raised a serious question of the validity of the statute as so construed.

*Id.* at 762, 95 S.Ct. at 2465, 45 L.Ed.2d at 537, (citations omitted).

The Court, noting that Section 205(h) of the Social Security Act provided for an

---

**1.** For the purposes of ruling on the government's Motion to Dismiss we must consider plaintiff's allegations to be true. *See Scarborough v. Eubanks,* 747 F.2d 871, 875 (3rd Cir. 1984).

**2.** 42 U.S.C. § 405(h) provides:

(h) *Finality of Secretary's decision*

The findings and decision of the Secretary after a hearing shall be binding upon all indi-

viduals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

alternate means of review of plaintiff's claim,[3] held that plaintiff's constitutional and statutory claims both "arose under" the Social Security Act and that federal question jurisdiction was therefore barred by section 405(h). 422 U.S. at 762, 95 S.Ct. at 2465. In *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Court explained that the *Salfi* decision "merely adhered to the well established principle that where constitutional questions are in issue, the availability of judicial review is presumed and we will not take the 'extraordinary' step of foreclosing jurisdiction unless Congress's intent to do so is manifested by ' "clear and convincing" ' evidence." 430 U.S. at 109, 97 S.Ct. at 986.

In the recent case of *Lindahl v. Office of Personnel Management*, —— U.S. ——, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Court stated that "the 'clear and convincing evidence' standard has never turned on a talismanic test" but requires instead consideration of the statute's "express language ... the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." *Lindahl*, 105 S.Ct. at 1627.

In *Lindahl*, the Court examined a statute which addressed various determinations made by the Office of Personnel Management in administering the Federal government's provision of annuities to retired employees and their dependents. 5 U.S.C. § 8347(c). The statute provides that OPM's decisions concerning "questions of disability and dependency are final and conclusive and shall not be subject to review." 5 U.S.C. § 8347(c). The Court found that "while § 8347(c) plausibly can be read as imposing an absolute bar to judicial review, it also quite naturally can be read as precluding review only of OPM's *factual* determinations about 'questions of disability and dependency.' Under this reading of § 8347(c)'s language, the factual 'question' whether an applicant is disabled is quite

distinct from questions of what laws and procedures the OPM must apply in administering the Retirement Act." 105 S.Ct. at 1627. The Court drew support for its reading from the statute's legislative history, *see*, 105 S.Ct. at 1629–30, and noted that courts for almost 30 years had interpreted the legislative history of § 8347(c) to permit judicial review of alleged legal and procedural errors. The Court also noted Congress's apparent awareness of that interpretation during periodic reenactments and amendments of the finalty provision. Finally, the Court stated that when Congress intends to bar judicial review altogether, it typically employs language far more unambiguous and comprehensive than that set forth in § 8347. *Id.* at 1627. As examples of comprehensive preclusion language the Court cited 5 U.S.C. § 8128(b) (concerning compensation for work injuries) which provides:

> The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is
>
> —(1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

*Id.* at 1627 n. 13. The Court also pointed to 38 U.S.C. § 211 (regarding veteran's benefits) which provides:

> The decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

*Id.* The statute in question in this case provides that "[a]ny determination by the

---

**3.** 42 U.S.C. § 405(g) provides in part:

   (g) *Judicial review*

     Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in

controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Secretary to terminate or not to renew a contract under this section shall not be subject to judicial review. 42 U.S.C. § 1320c–2(f). The House Report on this legislation similarly provides that "[t]ermination of an agreement by the Secretary under this provision would not be subject to judicial review." H.R. No. 97–158, 97th Cong., 1st Sess., 333 (1981). We note that both the finality provision and the House Report reference are phrased in broad, absolute terms. Similarly, the provision is not subject to a reading that would limit its scope to mere factual determinations. As such it is more like 5 U.S.C. § 8128(b) and 38 U.S.C. § 211 which the court in *Lindahl* held to be absolute bars to judicial review than 5 U.S.C. § 8347(c). Moreover, unlike § 8347(c) the legislative history of § 1320c–2(f) does not disclose any intent on the part of Congress to restrict that provision's outright ban on judicial review of the Secretary's decision to terminate a contract.

▇ Finally, we note that in the case of *Wilmington United Neighborhoods v. United States*, 615 F.2d 112 (3rd Cir.1980), the Court, in ruling on a similarly worded statute concerning approval of capital expenditures by health care facilities, found the provision to constitute an absolute ban on judicial review. The statute in *Wilmington*, section 1122(f) of the Social Security Act, provided that "[a] determination by the Secretary under this section shall not be subject to administrative or judicial review." 42 U.S.C. § 1320a–1(f). The Court stated:

The command of Section 1122(f) cannot be clearer. It provides in the clearest of terms that "[a] determination by the Secretary under this section shall not be subject to administrative or judicial review."

*Id.* at 118. The Court also rejected any argument that judicial review was available because plaintiff challenged the procedures followed by the Secretary. The court stated:

In order to avoid the unequivocal bar to judicial review provided in Section 1122(f), the appellants assert a distinction between "substantive" and "procedural" determinations by the Secretary. That is, because "the issue goes to the power to make determinations, not the determination itself," Brief of Appellants at 24, Section 1122(f) does not preclude review. We disagree and find no support either in the statute or in its history to support such an ethereal distinction.

*Id.* We conclude that Section 1320c–2(f) was clearly intended to preclude judicial review of the Secretary's contract termination decisions. The language unambiguously states that any determination to terminate a contract is not subject to judicial review. This provision clearly affords the Secretary the absolute right to terminate a contract whether rightfully or wrongfully without fear that her actions will be reversed at a later date by the courts.[4] The statute affords the government the necessary ability to make final decisions regarding contract terminations and the freedom to engage new contractors to review mounting Medicare claims. Peer Review cannot, by simply raising the allegation that it was denied due process, be allowed to bring the government machinery to a grinding halt.

▇ Our analysis of the statute does not, however, imply that the plaintiff is left without a forum for asserting its constitutional claim. The statute clearly bars only review of the termination decision and is silent as to judicial review of any consequences or injuries that may stem from that decision. Because of our clear mandate when constitutional questions are in issue to presume the availability of judicial review absent "clear and convincing evidence" to the contrary, *Califano v. Sanders*, 430 U.S. at 109, 97 S.Ct. at 986, we find that the statute does not prevent Peer Review from raising constitutional issues in an action for damages stemming from an

---

**4.** As the government points out in its brief, in the absence of such a protective statutory provision, government contracts generally contain a clause permitting the government to terminate the contract at its convenience subject to the contracting party's concurrent right to seek damages in the Claims Court for wrongful termination.

allegedly wrongful contract termination. Because Peer Review does not seek damages in this case, however, we are precluded from considering its constitutional claims.[5]

Although we dispose of plaintiff's case on the grounds of statutorily mandated judicial preclusion, because of the importance of the issues involved, we will also address the government's argument that we cannot afford Peer Review the relief it requests because the contract in question is unassumable under 11 U.S.C. § 365(c) and because the requested relief would be unavailable outside of the bankruptcy forum.

In as much as Peer Review seeks to enjoin the government from terminating the parties' contract, it is, in effect, seeking to assume the contract under the authority of 11 U.S.C. § 365 made applicable to Peer Review as a debtor in possession by 11 U.S.C. §§ 1107.[6] Section 365(c)(1) provides:

(c) The trustee may not assume or assign an executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession or an assignee of such contract or lease, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

(B) such party does not consent to such assumption or assignment; or

11 U.S.C. § 365(c)(1).

The government argues that 41 U.S.C. § 15 prohibits the assignment of its contract with Peer Review and that the contract is therefore unassumable under 11 U.S.C. § 365(c)(1). We agree.

Section 41 U.S.C. § 15 states in relevant part as follows:

No contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other party, and any such transfer shall cause the annulment of the contract or order transferred, so far as the United States are concerned. All rights of actions, however, for any breach of such contract by the contracting parties, are reserved to the United States.

■ Peer Review makes several efforts to evade the plain meaning of the two statutes. It argues first that the assignment statute does not apply where the transfer is made pursuant to a court order. *See Thompson v. Commissioner of Internal Revenue*, 205 F.2d 73 (3rd Cir.1953). We find this distinction to be inconsequential. The fact that a court would have the power to assign a contract irrespective of the nonassignability statute might imply that in the absence of 11 U.S.C. § 365(c) assumption of the contract would not be barred by 41 U.S.C. § 15. In this case, however, section 365(c) of the Bankruptcy Code unequivocally states that the contract may not be assumed if applicable law excuses the opposing party from accepting performance from an entity other than the debtor. Here, because the applicable statute prohibits the transfer of a government contract "to any other party," the section 365(c) requirement of a general nontransferability statute is satisfied and the Bankruptcy Code itself precludes any assumption of the contract, even where such an

---

5. Because we find that the statute does not deny *Peer Review* the opportunity to obtain some avenue of judicial review for its constitutional claim, we do not reach the more difficult question of whether total preclusion of judicial review of constitutional claims is constitutionally permissible. For a review of how various courts have attempted to deal with this issue, *see Colonial Penn Insurance Company v. Heckler*, 721 F.2d 431, 436–39 (3rd Cir.1983).

6. 11 U.S.C. § 1107(a) provides in part:

(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the Court prescribes, a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties, ... of a trustee serving in a case under this chapter.

assumption might otherwise occur by operation of law.[7]

■ Peer Review also endeavors to cite the legislative history of § 365(c) in support of the position that this provision was not intended to bar assumption of the contract by the debtor.[8] Similarly, Peer Review points to cases which have interpreted § 365(c) to apply only to personal service contracts.[9] We must conclude, however, that the meaning of § 365(c) is clear on its face and this Court lacks the power to look behind the language of the statute in order to disregard its clear and unambiguous meaning. *See In re Braniff Airways, Inc.,* 700 F.2d 935, 943 (5th Cir.1983); and *In re Pioneer Ford Sales,* 729 F.2d 27 (1st Cir. 1984).

Finally, we reach the issue of this court's jurisdiction under the Bankruptcy Code to hear Peer Review's claim and the extent to which the relief we might afford the plaintiff can exceed the relief available in a nonbankruptcy forum.

Plaintiffs bring this case under various provisions of the Bankruptcy Code. Plaintiff cites first, 28 U.S.C. § 1334(b) which provides:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Plaintiff also correctly cites 28 U.S.C. § 157 which provides in part:

> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, re-

ferred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

. . . . .

> (c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

> (2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

Jurisdiction under section 157(b)(1) has been referred to the Bankruptcy Court by Order of the U.S. District Court for the Middle District of Pennsylvania dated July 26, 1984.

■ In *Pennsylvania Peer Review Organization, Inc. v. Heckler,* C.A. No. 85–0570 (M.D.Pa. May 3, 1985)[10] the District Court held that plaintiffs' "action should, properly, be in the Claims Court." Slip. Opin. at 3. The District Court noted that "[i]f constitutional claims are in fact a legitimate, if in fact peripheral, part of plaintiff's action, the Claims Court has jurisdiction to hear such allegations." *Id.* at 4.

---

**7.** In any case, we note that at least one court has held 41 U.S.C. § 15 to preclude assumption and assignment under § 365. *See, In re Adana Mortgage Bankers, Inc.,* 12 B.R. 977, 984 (Bankr. N.D.Ga.1980).

**8.** *See e.g.* H.R. No. 95–595, 95th Cong., 1st Sess. 348 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 59 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

**9.** *See Matter of Fulton Air Service, Inc.* 34 B.R. 568 (Bankr.N.D.Ga.1983).

**10.** That decision has been appealed and the case is currently pending before the Third Circuit Court of Appeals.

Because 28 U.S.C. § 1334(b) allows the bankruptcy court to hear all civil proceedings arising under title 11, or arising in or related to cases under title 11, "[n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district court," this Court has concurrent jurisdiction with the Claims Court to hear plaintiff's claim.

■ We note, however, that the Claims Court is without authority to issue injunctive or declaratory relief. *Richardson v. Morris,* 409 U.S. 464, 465, 93 S.Ct. 629, 630, 34 L.Ed.2d 647 (1973). *United States v. King,* 395 U.S. 1, 5, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1968). The question thus arises as to whether by filing a petition in bankruptcy, plaintiffs can obtain from this court relief which is not based on any right provided in the Bankruptcy Code and which would be unavailable to them in a nonbankruptcy forum.

■ It is well established that the filing of a petition in bankruptcy cannot expand a debtor's rights against a creditor. *See Moody v. Amoco Oil Company,* 734 F.2d 1200, 1212 (7th Cir.1984) *cert. denied,* —— U.S. ——, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984); *In re Triangle Laboratories, Inc.,* 663 F.2d 463, 467 (3rd Cir.1981). Similarly, although 11 U.S.C. § 105(a) confers equity powers on the bankruptcy court, the Third Circuit recently warned that "Section 105(a) does not authorize the bankruptcy court to create rights not otherwise available under applicable law." *Southern Railway Company v. Johnson Bronze Company,* 758 F.2d 137, 141 (3rd Cir.1985).

■ In this case, *Peer Review,* by filing a petition in bankruptcy is attempting to obtain from this court on a contract claim injunctive relief which it is unable to obtain in any other nonbankruptcy forum. Absent bankruptcy, plaintiff would be able to adjudicate its claim only in the Claims Court. For this reason our power to redress plaintiff's alleged injury cannot exceed that of the Claims Court. Accordingly, we are unable to grant plaintiff the injunctive relief it requests. Because Peer Review has failed to allege any facts under which this Court can grant it the relief it requests, its complaint will be dismissed.

An appropriate order will be issued.