## In re HARTEC ENTERPRISES, INC., Debtor.

### Bankruptcy No. 87–30284–C.

United States Bankruptcy Court,
W.D. Texas,
El Paso Division.

July 16, 1990.

---

Harrel L. Davis, III, Grambling & Mounce, El Paso, Tex., Jesse Blanco, Jr., Blanco and Telge, Houston, Tex., Bernard Panetta, Sp. Counsel, Caballero, Panetta & Ortega, El Paso, Tex., Timothy Sullivan, Sp. Counsel, Dykema, Gossett, Spencer, Goodnow and Trigg, Washington, D.C., for Hartec Enterprises, Inc. (debtor).

Janet E. Bauerle, Asst. U.S. Atty., San Antonio, Tex., for U.S., on behalf of the Dept. of Defense.

## DECISION AND ORDER ON JOINT MOTION OF DEBTOR AND THE UNITED STATES OF AMERICA FOR DETERMINATION OF THE ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS

LEIF M. CLARK, Bankruptcy Judge.

This case involves the ability of a chapter 11 debtor in possession to assume an executory government contract. It requires construction of 41 U.S.C. § 15 (which prohibits the transfer of a government contract without the consent of the United States) and 11 U.S.C. § 365(c)(1) (which limits the ability of a trustee to assume or assign executory contracts governed by anti-assignment laws).

### FACTS & PROCEDURAL HISTORY

Hartec Enterprises, Inc. ("Hartec") filed a petition for relief under Chapter 11 of the Bankruptcy Code (the "Code") on April 10, 1987. Prior to that date, Hartec entered into a number of production contracts with the United States (Department of Defense), through various military installations and entities.

On October 2, 1989, Hartec filed a Motion for Authority to Assume Executory Contracts pursuant to an Agreed Order that resolved the United States' Motion to Set Deadline to Assume or Reject Executory Contracts. Exhibit A appended to the Order listed the nine then-pending contracts between the Debtor and the United States, with a designation beside each of Hartec's intention to assume or reject the contract. On November 21, 1989 the Court heard and granted the Debtor's Motion to Assume Executory Contracts, but noted in the Order that such assumption was "contingent as indicated on Exhibit A" attached to the Order. Exhibit A contained the following language:

The proposed action, per contract, is subject to change depending upon results of negotiations between Hartec Enterprises, Inc. and the United States of America (Defense Logistics Agency).

On March 20, 1990, the Court heard the Joint Motion of the parties that is the subject of this memorandum. At the time of that hearing, the parties had resolved the disposition of all but one of the contracts, specifically the Tow Tractor Contract with the Department of the Navy (Number NOO 140–86–C–9131) (A tow tractor is used to tow heavy armaments and aircraft from hangars and storage facilities to airstrips and to pull aircraft on ships.) The Debtor wishes to assume the contract and the United States refuses to consent to the assumption.

## DISCUSSION

### I. *Construction and Application of 41 U.S.C. § 15*

Section 15 of Title 41 provides in relevant part:

No contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other party, and any such transfer shall cause the annulment of the contract or order transferred, so far as the United States are concerned.

41 U.S.C. § 15; 31 U.S.C. § 3727.[1] The anti-assignment statutes serve two important purposes: to prevent a person or entity from buying up claims against the United States which could be improperly urged upon government officials and to permit the United States to deal with only one claimant, preventing the possibility of multiple liability or conflicting demands for payment. *Tuftco Corp. v. United States,* 614 F.2d 740, 744, 222 Ct.Cl. 277 (1980). The statutes were meant to "secure to the government the personal attention and services of the contractor; to render him liable to punishment for fraud or neglect of duty; and to prevent parties from acquiring mere speculative interests, and from thereafter selling the contracts." *Thompson v. Commissioner of Internal Revenue,* 205 F.2d 73, 76 (3rd Cir.1953) (quoting *Francis v. United States,* 11 Ct.Cl. 638 (1875)).

▇ Although the language of the statute is broad, the courts have placed numerous limitations on its application. The section does not act as a self-executing nullification of an assigned contract, but merely enables the government to annul such a contract at its option. *Id.* at 78. Thus, the Government may also recognize an assignment or waive the provisions of the section by its actions. *See Tuftco,* 614 F.2d at 746 (establishing a totality of the circumstances test to determine whether the Government has recognized an assign-

ment or waived the provisions of 41 U.S.C. § 15).

In applying 41 U.S.C. § 15, the *Thompson* court declared that it would not mechanically define "transfer" in terms of a mere change in legal identity, but would pragmatically test each situation by the extent to which the change deprives the government of the particular management and financial responsibility which rendered the contractor a responsible bidder. *Thompson v. Commissioner of Internal Revenue,* 205 F.2d 73, 77 (3rd Cir.1953). Under this test, the courts have exempted from the broad reach of the statute those assignments which do not present the dangers that the statute was designed to obviate. *Tuftco,* 614 F.2d at 744. The statute has been held inapplicable to a transfer by court order, by intestate succession, by testamentary disposition, to an executor or administrator, to a receiver or otherwise by operation of law. *Thompson v. Commissioner of Internal Revenue,* 205 F.2d at 76 (citing numerous authorities). Transfers resulting from the merger or consolidation of two corporations or a distribution in kind to stockholders upon dissolution have been excepted from the reach of the statute. *Id.* An assignment for the benefit of creditors, a judicial sale, and subrogation to an insurer have all been held exempt transfers. *Id.*

▇ The first step in applying the section to the case at bar is to determine whether a "transfer" occurred to trigger the statute. The Government argues that the Debtor's petition in bankruptcy was a transfer and that "consequently, upon the date that Debtor filed its petition in bankruptcy, 41 U.S.C. § 15 operated to void this contract." Reply of the U.S.A., Dep't. of Defense, to Debtor's Response to the Supplemental Brief of the U.S.A. at p. 6. The Government's contentions are erroneous on two counts. First, as the above authorities demonstrate, this section does not act as a self-executing nullification of assigned con-

---

1. Section 3727 is a statutory prohibition on the assignment of *claims* against the Government. 31 U.S.C. § 3727. Section § 15 of Title 41 involves contracts and is more concerned with continuing obligations. 41 U.S.C. § 15. In general, the purposes of the two statutes and the legal concepts involved in their applicability are the same. *Tuftco Corp. v. United States,* 614 F.2d 740, 744 n. 4, 222 Ct.Cl. 277 (1980).

tracts, but rather, merely enables the Government, at its option, to annul an assigned contract. *Thompson,* 205 F.2d at 78. Second, a petition in bankruptcy probably does not operate as a transfer or assignment of an executory contract under the authorities construing 41 U.S.C. § 15. A bankruptcy filing is not functionally different from intestate succession or testamentary dispositions, receiverships, or other transactions traditionally exempt from the definition of transfer under 41 U.S.C. § 15. Executory contracts simply "ride through" the bankruptcy until assumption or rejection by the estate. 11 U.S.C. § 365; 2 *Collier on Bankruptcy* ¶ 365.03 at 365–31 (15th ed. 1990). The estate is not liable for the debtor's obligations under the contract until it assumes the contract. *Id.; In re Wilson,* 69 B.R. 960, 965 (Bankr.N.D. Tex.1987).

The only tenable "transfer" here (if it can be called that) is the proposed assumption of the contract by the debtor in possession. The legislative history to 41 U.S.C. § 15 and the case law thereunder do not specifically address the question whether the assumption of an executory contract by a debtor-in-possession constitutes a transfer for the purpose of the section. The case law examining the interplay between 11 U.S.C. § 365(c) and 41 U.S.C. § 15 generally assumes that such an assumption is a transfer for purposes of the non-assignment statute, but do so without analysis. *See, e.g., In re Adana Mortg. Bankers, Inc.,* 12 B.R. 977, 984 (Bankr.N.D.Ga.1980); *In the Matter of West Electronics,* 852 F.2d 79, 83 (3rd Cir.1988). In *West,* Judge Higginbotham observed in a separate opinion:

> [I] think that [41 U.S.C. § 15] really meant to avoid having the U.S. government contractually bound to a wholly separate entity that received an assignment from the actual contracting party. I do not believe that when it enacted

[that section], Congress considered the issue of whether a debtor in possession should be viewed as a party different than the debtor.

*West Electronics,* 852 F.2d at 84 (Higginbotham, J., concurring in part and dissenting in part).

Case law under the non-assignment statute, prior to the enactment of the Bankruptcy Code offers some guidance. A number of transfers not dissimilar from the assumption of a contract by a debtor in possession were held not to be within the statute. *See Goodman v. Niblack,* 102 U.S. 556, 26 L.Ed. 229 (1881) (assignment for the benefit of creditors held not within the statutory bar); *Price v. Forrest,* 173 U.S. 410, 19 S.Ct. 434, 43 L.Ed. 749 (1899) (prohibition does not apply to transfers by judicial order); *Erwin v. United States,* 97 U.S. 392, 24 L.Ed. 1065 (1878) (statute does not apply to heirs, devisees or assignees in bankruptcy). Based on the judicially declared purposes behind the enactment of the statute, the limitations that courts have placed on it application, and the closely related transfers excepted from inclusion, the assumption of a debtor's prepetition government contract of by the debtor-in-possession, should not be construed to trigger a transfer for purposes of 41 U.S.C. § 15.[2]

This, of course, only means that absent 11 U.S.C. § 365(c), assumption of the contract by the debtor-in-possession would not be barred by 41 U.S.C. § 15. *Cf. In re Pennsylvania Peer Review Org'n., Inc.,* 50 B.R. 640, 645 (Bankr.M.D.Pa.1985). Whether Section 365(c) independently bars assumption notwithstanding this conclusion is another question entirely.

## II. *Construction and Application of 11 U.S.C. § 365(c)(1)*

### A. The Scope of § 365(c)(1)

■ Section 365(c)(1) provides that:

---

**2.** This result is also supported by both bankruptcy law and practical realities. Generally, the courts have found the debtor and debtor in possession to be the same entity for most purposes. *See Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280, 1284 (5th Cir.1983). Furthermore, most financially troubled contractors are insolvent long *before* they reach bankruptcy. Thus there is no practical reason to construe assumption as a transfer from a "solvent" debtor to an "insolvent" estate, as the court in *West Electronics* court suggested. In fact, a debtor in possession, by statute, operates the debtor's business. 11 U.S.C. §§ 1106(a), 1108.

(c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties if—

(1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties;

The threshold issue is whether the instant contract is covered by the section. The debtor-in-possession contends that § 365(c) applies only to nondelegable contracts such as "personal service" contracts, citing *In re Terrace Apartments, Ltd.*, 107 B.R. 382 (Bankr.N.D.Ga.1989). The Government correctly asserts that the Fifth Circuit follows a different rule. The Fifth Circuit has held that the statutory language of § 365(c) "belies any limitation to personal service contracts" and applies generally to unexpired leases and contracts of the debtor. *In re Braniff Airways, Inc.*, 700 F.2d 935, 943 (5th Cir.1983).[3] This contract thus falls within the ambit of the statute.

■ The parties next dispute the scope of the word "trustee" in § 365(c)(1). The court in *West Electronics*, when it quoted the language of the statute, inserted by way of explanation after the word "trustee" the words "[which includes the debtor-in-possession]," citing 11 U.S.C. § 1107 as authority. *In the Matter of West Electronics*, 852 F.2d at 82. Another court, quoting § 365(c), simply concluded (though without further discussion) that the section was made applicable to the debtor in possession by Section 1107. *In re Pennsylvania Peer Review Org'n., Inc.*, 50 B.R. 640, 645 (Bankr.M.D.Pa.1985).[4] These cases correctly observe that the plain meaning of § 1107 is that the duties and powers of a debtor in possession are coextensive with those of a Chapter 11 trustee, a rule derived from the general principle that a debtor in possession stands in the shoes of a trustee and owes the same fiduciary obligation to all creditors. *See Skeen v. Harms (In re Harms)*, 10 B.R. 817, 822 (Bankr.D.Colo.1981).

The Debtor recommends that the court read "trustee" to exclude a debtor in possession, so that the prohibition on assumption in Section 365(c)(1) would apply in Chapter 11 only when a trustee is appointed. Although this may be an attractive result, achieving it by reading the word "trustee" more narrowly in Section 365(c)(1) than it is read elsewhere in the Bankruptcy Code simply cannot be justified.[5] However, a closer examination of Section 365(c)(1) relative to the words "debtor or debtor in possession" and an analysis of the 1984 and 1986 amendments to the section demonstrate that such a reading is unnecessary.

B. The 1984 & 1986 Amendments to § 365(c)(1)

Prior to the 1984 amendments, Section 365(c)(1) provided that "the trustee may not assume or assign an executory contract ... of the debtor ... if applicable law excuses a party, other than the debtor, to such contract ... from accepting performance from or rendering performance to *the trustee or an assignee of such contract or lease* ..." (emphasis added). 11 U.S.C. § 365(c)(1) (1978). Thus, if the nonbankruptcy law applicable to a given contract

---

**3.** At least one bankruptcy court in this circuit has noted that the *Braniff Airways* decision has been criticized and questioned the wisdom of the decision. Nonetheless, it found itself constrained to follow it. *See In re Lile*, 103 B.R. 830, 838–39 n. 6 (Bankr.S.D.Tex.1989).

**4.** 11 U.S.C. § 1107 states in part:

(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter.

**5.** No one could seriously doubt that the same word *includes* the debtor in possession when it is used in Sections 363 (involving sales of property), 364 (involving borrowing money postpetition), and 366 (involving obligations of the estate to utilities).

excused the non-debtor party from accepting performance from or rendering performance to either the *trustee* or to an *assignee of the contract,* then the bankruptcy trustee (including the debtor in possession) could not assume or assign the contact.[6]

In 1984, the statute was amended to provide that the debtor in possession could not assume or assign an executory contract if applicable law excused the non-debtor party "... from accepting performance from or rendering performance to *an entity other than the debtor or debtor in possession* [instead of "the trustee"] or an assignee of such contract ..." (emphasis added).[7] The legislative history to the 1984 amendment does not specify what change in the law the amendment was to accomplish. A fair reading of the statute suggests that, so long as the debtor or debtor in possession were to continue performance under the contract, the prohibition on assumption or assignment would not apply. The 1984 amendment retained the reference to "an assignee of the contract," so it still affirmatively prohibited assumption and assignment to third parties whenever a non-bankruptcy anti-assignment law applied to the contract in question.

The 1986 amendments deleted the language "or an assignee of such contract" as superfluous, because "entity other than the debtor or debtor in possession automatically operates to exclude assignments to third parties already. In the Chapter 11 context, the statute now provided that a trustee (or debtor in possession) could not assume or assign an executory contract if applicable

non-bankruptcy law excused the non-debtor party from performing relative to "an entity other than the debtor or the debtor in possession."[8]

The case law on the interplay between 11 U.S.C. § 365(c)(1) in its current form and 41 U.S.C. § 15, and on the significance of the amendments to the bankruptcy statute, is sparse. *See Matter of West Electronics, Inc.,* 852 F.2d 79, 83 (3rd Cir.1988); *In re Carolina Parachute Corp.,* 108 B.R. 100, 102 (Bankr.M.D.N.C.1989) (following the reasoning of *West* ). In *West,* the court stated:

> [W]e think that by including the words "or the debtor in possession" in 11 U.S.C. § 365(c)(1) Congress ... wanted that section to reflect its judgment that in the context of the assumption and assignment of executory contracts, a solvent contractor and an insolvent debtor in possession going through bankruptcy are materially distinct entities.

*West Electronics,* 852 F.2d at 83. Judge Higginbotham, however, in a separate opinion said:

> [I] do not believe that a solvent contractor and an insolvent debtor in possession going through bankruptcy are *different* entities for the purposes of the Non–Assignment Clause ... [I] think that provision really meant to avoid having the U.S. government contractually bound to a wholly separate entity that received an assignment from the actual contracting party. I do not believe that when it enacted Section 15 of Title 41, Congress considered that issue of whether a debtor

---

**6.** It is important to note here that assumption is a prerequisite to assignment. 11 U.S.C. § 365(f)(2)(A). This realization also resolves another statutory interpretation problem with § 365(c)(1): why the statute says the trustee may not "assume *or* assign" (emphasis added). If read disjunctively, the section reads "... the trustee may *neither* assume *nor* assign ..." If read conjunctively, the section reads "... the trustee may not assume *and/or* assign ..." Because Section 365(f) *already* makes assumption a prerequisite to assignment, there is no need to read the phrase in Section 365(c) disjunctively (why independently bar assignment when barring assumption alone will do the job, because of the operation of Section 365(f)?). Read con-

junctively, the phrase will operate to bar not only certain prohibited assumptions but also certain other prohibited *assignments* even though the assumption might not be barred. That reading dovetails more naturally both with Section 365(f) and with the underlying purpose of Section 365(c) to prevent third parties from being forced onto nondebtor parties in the face of an applicable law barring such assignments or transfers.

**7.** *See* Bankr. Amend. and Fed. Judges Act of 1984, Pub.L. No. 98–353, 98 Stat. 361 (1984).

**8.** *See* Bankr. Act of 1986, Pub.L. 99–554, 100 Stat. 3088, 3117 (1986).

in possession would be viewed as a party different from the debtor. *West Electronics,* 852 F.2d at 84 (Higginbotham, J., concurring in part and dissenting in part). While it is true that the dissent in *West* is less persuasive than it might be because it purports to construe 41 U.S.C. § 15, as applied to a contractor in bankruptcy, Judge Higginbotham's observation is nonetheless significant in the construction of § 365(c)(1).[9] The issue more precisely framed is whether Congress intended 11 U.S.C. § 365(c)(1) to bar assumption based solely on the law governing the contract, without regard to who is doing the assuming.

### C. 11 U.S.C. § 365(c)(1): An Actual or Hypothetical Test?

■ The fundamental division in interpretation here is over how to frame the test posed by Section 365(c)(1) for the prohibition on assumption and assignment to apply.

#### 1. *The Hypothetical Test*

One court has stated that the section operates as a "general non-transferability statute and the Bankruptcy Code itself precludes any assumption of the contract even where such an assumption might otherwise occur by operation of law." *In re Pennsylvania Peer Review Org'n., Inc.,* 50 B.R. 640, 645–46 (Bankr.M.D.Pa.1985). This reasoning implicitly recognizes a "hypothetical test" later explicitly enunciated in *West:*

> 11 U.S.C. § 365(c)(1) creates a hypothetical test—i.e., under the applicable law, could the government refuse performance from "an entity *other* than the debtor or debtor in possession." Thus, the relevant inquiry is not whether 41 U.S.C. § 15 would preclude an assignment from

West as a debtor to West as a debtor in possession, but whether it would foreclose an assignment by West to another defense contractor.

Thus, under *West,* the question posed is a hypothetical one: Does the applicable non-bankruptcy law excuse the non-debtor party from performance vis-a-vis *any entity* other than the party with whom it originally contracted? If so, then assumption is barred, without regard to who is doing the assuming (chapter 7 trustee? chapter 11 trustee? Debtor-in-possession?).

The hypothetical test posited by *West* does not fulfill the purposes of the non-assignment statutes it seeks to enforce, creates inherent inconsistencies in the language of both Section 365(c)(1) and other sections of the Code, and fails to adequately account for the 1984 and 1986 amendments to Section 365(c)(1)(A). Under the *West* test, a debtor in possession will always be denied authority to assume an executory contract with an objecting non-debtor party in the face of a governing non-assignment statute like 41 U.S.C. § 15. That result is not consistent with 41 U.S.C. § 15 and the authorities construing that statute. *See Thompson v. Commissioner of Internal Revenue,* 205 F.2d 73, 77 (3rd Cir.1953) (purpose of that statute is to avoid forcing the Government to deal with wholly *new entities* and to prevent trafficking in government contracts)[10].

The hypothetical test also violates a basic rule of statutory construction that a court should give effect to every word in a statute. *See Knutsen v. Eben Ezer Lutheran Housing Center,* 815 F.2d 1343, 1348 (10th Cir.1987). If the directive of Section 365(c)(1) is to prohibit assumption whenever applicable law excuses performance relative to *any* entity other than the debtor,

---

**9.** As a general principle of statutory construction the anti-assignment statute and the bankruptcy provisions relating to such statutes should be read harmoniously to achieve a consistent result, especially when the two statutes share a common goal. *See Hyrup v. Kleppe,* 406 F.Supp. 214, 217 (D.Colo.1976); *see also* 2A *Sutherland Statutory Construction* § 53.01 (4th ed. 1984 & 1989 Supp.) If 41 U.S.C. § 15 was not intended by itself to bar the debtor in possession from succeeding to the benefits and

duties of the debtor under the contract, 11 U.S.C. § 365(c)(1), in the interest of harmonious statutory interpretation, should not be read to yield a substantially different result.

**10.** Recall that, as a practical matter, the debtor and debtor in possession are functionally the same entity. *Matter of Triangle Chemicals,* 697 F.2d 1280, 1284 (5th Cir.1983).

why add the words "or debtor in possession?" The *West* test renders this phrase surplusage.[11]

The *West* test also subverts a basic bankruptcy policy that abhors the operation of so-called "ipso facto" clauses. These are clauses which trigger a default, forfeiture or termination upon the happenstance of bankruptcy. They are rendered inoperative by other subsections of Section 365. *See* 11 U.S.C. §§ 365(b)(2), (e)(1). *West Electronics'* interpretation of Section 365(c)(1) would permit legislatures to enact laws having the impact of "ipso facto" clauses, undermining these prohibitions. In fact, the United States in this motion argues for precisely that result, urging that, under *West Electronics,* all government contracts are essentially terminated as a matter of law absent the consent of the United States. That reading is entirely inconsistent with the spirit of the Code. *See* H.Rep. 595, 95th Cong., 1st Sess. 347–48 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787; *see also Matter of Nat'l Shoes,* 20 B.R. 55, 58 (Bankr.S.D.N.Y.1982)

### 2. The Actual Test

The debtor in this case argues that the test stated in Section 365(c)(1) is not an hypothetical but an actual test; i.e., whether the entity wanting to assume the contract is an entity *"other than the debtor or debtor in possession."*[12] This approach shifts the emphasis from the phrase "an entity" (i.e., *any* entity) to the phrase "other than the debtor or debtor in possession." For the reasons detailed below, this court concludes that this "actual test" is a more faithful reading of the statute, one which is both harmonious with other sections of the Code and with the Code's purposes. It is also consistent with the spirit of 41 U.S.C. § 15 and other anti-assignment laws.

The "actual" test better fulfills the purposes of anti-assignment statutes, including specifically 41 U.S.C. § 15. Under this non-assignment statute, the prohibition on a transfer is not triggered so long as it is basically the same entity performing under the contract. *Thompson, supra.* Section 365(c)(1) bars assumption if the law excuses accepting or rendering performing relative to an entity "other than the debtor or debtor in possession." The addition of the phrase "debtor in possession" after the words "other than the debtor" is consistent with an interpretation that a debtor in possession not be construed to be an entity other than the debtor when a court is deciding whether to permit assumption in the face of a given anti-assignment law.

The "actual" test still operates to prohibit assumption or assignment in the same situations which 41 U.S.C. § 15 was designed to address—cases in which the Government would be forced to deal with an entirely new entity. A trustee in bankruptcy (as distinguished from the debtor in possession) is one such new entity, for example. That trustee will always be "an entity other than the debtor or debtor in possession" and will always be barred from taking over a government contract absent the government's consent. The debtor in possession, however, is not "an entity other than the debtor or debtor in possession," and so could always assume the contract.

---

**11.** Notwithstanding the perils of attempting to read the minds of legislators, it would have been much more logical for Congress in 1986 to have deleted the phrase "debtor or debtor in possession" and to have left intact the phrase "assignee of such contract" to achieve the interpretation suggested by the *West* court. The statute would then have read:

"the trustee [or debtor in possession] may not assume ... an executory contract ... of the debtor ... if applicable law excuses [the non-debtor party] to such contract ... from accepting performance from or rendering performance to ... an assignee of the contract...."

Certainly that language would have given much clearer direction to courts to simply prohibit assumption by either the trustee or the debtor in possession whenever a general non-transferability statute applies to the contract sought to be assumed, as the *West* court suggests. That was not the option Congress chose, however.

**12.** The Debtor further contends that "11 U.S.C. § 365(c)(1) deals with the difference between a prepetition Debtor and a Trustee, not the difference between the debtor and the debtor in possession ..." [T]he Federal Courts, including the Supreme Court, consider the debtor and the debtor in possession as one entity. *See* Debtor's Response to the Supplemental Brief of the United States of America at p. 2.)

However, the debtor in possession could not in turn *assign*, in the face of 41 U.S.C. § 15, because the assignee will be an entity "other than the debtor or the debtor in possession." This interpretation thus brings Section 365(c)(1) into harmony with 41 U.S.C. § 15.[13]

Section 365(c)(1) is, by its nature, an interactive statute since it requires that we look at applicable nonbankruptcy law. By including the phrase "debtor in possession," Congress assures that all anti-assignment laws are given essentially the same effect in bankruptcy, i.e., preventing the estate from "running in a stranger" on the nondebtor party without its consent. By the same token, the additional reference to "an entity other than ... the debtor in possession" makes clear that the debtor in possession should not *itself* be barred from taking over the duties of the debtor under the contract because of a mere technical change in legal identity that makes the debtor in possession a "legal entity" other than the debtor.

In this way, the statute also achieves a balancing of interests. On the one hand, legitimate anti-assignment laws which are designed to protect the nondebtor to the contract are preserved. On the other hand, legislatures are effectively barred from using the statute to pass laws designed to insulate their constituencies from ever having to do business with debtors in bankruptcy. In this way, the Bankruptcy Code achieves the balancing of interests so essential to the successful uniform application of bankruptcy laws nationwide to a wide variety of business enterprises.

This approach also meshes well with three potentially troublesome post-assumption issues: (1) the conversion of a case after assumption by the debtor in possession, (2) the appointment of a Chapter 11 trustee after assumption by the debtor in possession and (3) the attempt by a debtor in possession to assign a previously assumed contract.

In the case of the first two of these issues, conversion to chapter 7 or the appointment of a Chapter 11 trustee, the trustee appointed will be bound as successor in interest by all the terms of the contract assumed by the debtor in possession, including all the law applicable to the contract. The trustee will not be able to continue performance under the contract for any length of time (absent consent) nor will he be permitted to assign the contract.[14]

As to the third issue, any attempted assignment to a third party by the debtor in possession after assumption would be conditioned upon compliance with 11 U.S.C. § 365(f), which in turn conditions assignment on (1) assumption and (2) adequate assurance of future performance. *See* 11 U.S.C. § 365(f). The second condition will never be met because the anti-assignment statute which governs the contract will itself render assignment impermissible. The assignee will never be able to give adequate assurance of future performance. Moreover, the debtor in possession who has assumed the contract has by law bound itself to all the terms of the contract, including applicable law governing the contract prohibiting assignment.

## CONCLUSION

For all the foregoing reasons, the court concludes that a debtor in possession is not prohibited by 11 U.S.C. § 365(c)(1) from assuming an executory contract with the United States which is governed by 41 U.S.C. § 15, with or without the government's consent. There are factors which could change this result, of course. For example, there may be other equitable circumstances which militate against assumption in a given case. *See In re Food City, Inc.*, 94 B.R. 91, 93–94 (Bankr.W.D.Tex.

---

13. This construction thus achieves the appropriate result while interpreting the word "trustee" consistently with 11 U.S.C. § 1107.

14. In a case converted to Chapter 7, the trustee might be able to continue performance for a short period of time under 11 U.S.C. § 704.

Ultimately, absent the government's consent, the trustee will be barred from further performance because the contract will be deemed rejected by operation of law under Section 365(d)(1) (executory contracts deemed rejected sixty days after the order for relief in Chapter 7).

1990). Also, the reorganization of a given debtor in possession may be so substantial in a given case that, as a matter of fact, the assumption would be deemed a transfer under the case law construing 41 U.S.C. § 15.

None of these facts have thus far been presented to the court. All that this court has been asked to do at this point is to rule whether the two statutes (11 U.S.C. § 365(c)(1) and 41 U.S.C. § 15) insulate the United States from assumption by the debtor in possession as a matter of law. The answer to that narrow question is "no." The factual circumstances of this case have not yet been reviewed. A hearing will be set for that purpose, to be separately noticed by the clerk of the court.

So ORDERED.