### In re TOM STIMUS CHRYSLER– PLYMOUTH, INC., Debtor.

### Bankruptcy No. 91–7864–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 20, 1991.

David Steen, Tampa, Fla., for debtor.

Harry E. Solomon, Tampa, Fla., for Chrysler Corp.

## ORDER ON MOTION TO ASSUME EXECUTORY CONTRACT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the matter under consideration is the Motion filed by Tom Stimus Chrysler–Plymouth, Inc. (Debtor) to Assume and Assign Executory Contract with Chrysler Corporation (Chrysler), and the Objection of Chrysler to the Debtor's Motion. The Court has considered the initial and threshold issues, i.e., the Debtor's right to assume the executory contract under consideration and the reasonableness of Chrysler's Objection to the Debtor's Motion. The facts as established at the evidentiary hearing which are relevant to the matters under consideration are as follows.

In August, 1988, the Debtor and Chrysler entered into several agreements, including a Chrysler Sales and Service Agreement, a Plymouth Sales and Service Agreement, and a Chrysler Sales and Service Agreement with additional terms and provisions. Under these agreements, the Debtor was granted a franchise to operate a Chrysler–Plymouth motor vehicle dealership, and the Debtor did operate the dealership by selling and servicing Chrysler cars and automotive products furnished by Chrysler.

The Debtor filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on July 14, 1991, and continued in the management of its business and assets until August 19, 1991 when this Court ordered the Debtor to cease all operations of the dealership. Thereafter, the Debtor filed a Motion to Assume and Assign the Executory Contract with Chrysler, which Motion Chrysler vigorously opposes for several reasons.

It is the contention of Chrysler that the Debtor has failed to engage in business with the public for more than ten consecutive days and, thus, the Debtor forfeited its dealership license. Therefore, Chrysler maintains that it is permitted to declare the dealership agreement terminated pursuant

to *Fla.Stat.* § 320.641(4). From this it follows that there is no longer a valid existing dealership agreement which is assumable. Additionally, Chrysler contends that it has a right to terminate its contract with the Debtor pursuant to *Fla.Stat.* § 320.643(1), and in any event the franchise agreement cannot be assigned without the consent of the franchisor. These Sections of the Florida Statutes provide in pertinent part as follows:

320.641. Unfair cancellation of franchise agreements

(4) Notwithstanding any other provision of this section, the failure of a motor vehicle dealer to be engaged in business with the public for 10 consecutive business days constitutes abandonment by the dealer of his franchise agreement. . . .

320.643. Transfer, assignment, or sale of franchise agreements

(1) A motor vehicle dealer shall not transfer, assign, or sell a franchise agreement to another person unless the dealer first notifies the licensee of his decision to make such transfer, by written notice setting forth the prospective transferee's name, address, financial qualification, and business experience during the previous 5 years. The licensee shall, in writing, within 60 days after receipt of such notice, inform the dealer either of his approval of the transfer, assignment, or sale or of the unacceptability of the proposed transferee, setting forth the material reasons for the rejection. . . .

In addition, Chrysler contends that the prospective assignee must agree to perform all covenants under the contract, and inasmuch as there is no assignee to assume the contract, the Debtor's Motion to Assume is premature and should be denied. Chrysler also contends that the Debtor's Motion to Assign must be denied because the contract between the Debtor and Chrysler Corporation is a personal service contract which requires the dealership to be managed by Tom Stimus and cannot be assigned.

The Debtor's right to assume an executory contract is governed by § 365 of the Bankruptcy Code, which provides in pertinent part as follows:

§ 365. Executory contracts and unexpired leases.

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease

.    .    .    .    .

(c) The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(1)(A) applicable law excuses a party other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

(B) such party does not consent to such assumption or assignment;

.    .    .    .    .

■■■ Considering the points raised by Chrysler in its opposition to the Debtor's Motion, seriatim, this Court is satisfied that

the contention that the dealership agreement was effectively terminated, and thus is no longer assumable is without merit. It needs no elaborate discussion to support the conclusion that the assumption or rejection of the contract with Chrysler is governed by § 365 of the Code, rather than the Florida Statutes relied on by Chrysler. Therefore, the fact that, post-petition, the Debtor ceased business operations for more than ten days does not constitute an abandonment of the franchise and, in turn, a forfeiture by the Debtor of its rights under the franchise. For the same reasons, this Court is satisfied that Chrysler's Objection to the Debtor's Motion to Assume the Executory Contract, which is based on the contention that Chrysler has a right to terminate the contract with the Debtor pursuant to Florida Statutes § 320.-643(1), is also not well taken and should be overruled.

Inasmuch as the Court is only considering the Debtor's Motion to Assume and is not dealing with the Motion to Assign at this time, Chrysler's Objection to the Motion to Assign, based on the fact that the assignee cannot perform all covenants under the contract, is premature. This leaves for consideration Chrysler's contention that the dealership agreement is in the nature of a personal service contract, and thus is not assignable over the opposition of Chrysler's Motion. It should be noted, that several courts have construed § 365(c)(1) to prohibit the assignment of an executory contract only where the contract is truly personal and is based on a special knowledge, skill, or talent. *See, In re Terrace Apartments, Ltd.*, 107 B.R. 382 (Bankr. N.D.Ga.1989). This Court has previously held that franchise agreements are not personal service contracts, and thus are assignable. *In re Varisco*, 16 B.R. 634 (Bankr.M.D.Fla.1981) (franchise agreement to market and distribute baked goods not personal service contract and therefore is assignable); *In re Sunrise Restaurants, Inc.*, 135 B.R. 149, not yet generally reported, (Bankr.M.D.Fla.1991) (Burger King restaurant franchise not personal service contract and therefore is assignable).

▬ In sum, this Court is satisfied that the franchise agreement is not "a personal service contract based on a special trust and confidence and on a special relationship" between the Debtor and Chrysler. *Varisco* at 638. Thus, this Court is satisfied that the executory contract between the Debtor and Chrysler is, in fact, assignable. It should be noted, however, that any assignee must be able to meet the requirements set out under § 365 of the Bankruptcy Code or the Motion to Assign the contract will be denied. Further, while Chrysler has a right to file any objections to the Debtor's Motion to Assign the Executory contract, only a reasonable objection or veto will be sustained.

In sum, this Court is satisfied that the Debtor's Motion to Assume the Executory Contract with Chrysler is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Assume the Executory Contract with Chrysler Corporation be, and the same is hereby, granted and the objections of Chrysler Corporation to the Debtor's Motion be, and the same are hereby, overruled.

DONE AND ORDERED.