In re **KENNESAW DAIRY QUEEN BRAZIER, Debtor.**

**Bankruptcy No. 82–00130A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 22, 1983.

Douglas H. Jones, George H. Connell, Jr., Atlanta, Ga., for Kennesaw Dairy Queen Brazier.

Edward Andrews, Candler, Cox, Andrews & Hansen, Atlanta, Ga., for American Dairy Queen Corp. and DQF, Inc.

ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the debtor's Application to Neither Assume nor Reject an Executory Contract with Dairy Queen Financial, Inc. ("DQF") concerning certain equipment, to assume an executory contract with DQF concerning certain real estate and improvements which are the debtor's business premises, and to assume an executory contract with American Dairy Queen Corporation ("ADQ") concerning the debtor's operating agreement wherein the debtor is granted its Dairy Queen franchise. After notice, a hearing was held on October 27, 1982, at which time the Court heard evidence and argument of counsel. Briefs were submitted by the parties thereafter; and in its brief, the debtor in possession altered its request to neither assume nor reject the DQF equipment lease, and now seeks to have that lease assumed.

The debtor's plan, as proposed, seeks to pay DQF and ADQ 50% of their pre-petition claims under the leases and contracts which are the subject of this Order over a period of seventy-two (72) months from the date of confirmation. The debtor's plan also proposes to reject certain clauses of the realty and improvements lease with DQF by (1) discontinuing all percentage rental payable to DQF for seventy-two (72) months after confirmation; and (2) permitting the debtor to carry all general liability and hazard insurance on a direct basis subject to DQF's approval of the insurable value of the premises. The debtor seeks to reject certain clauses of the ADQ operating agreement as follows: (1) to reduce royalty and advertising fees by 50% for seventy-two (72) months after confirmation; and (2) to discontinue pre-collection of royalty and advertising fees and pay these fees at the time the debtor submits its monthly reports to ADQ. The Court assumes that these provisions of the debtor's plan constitute the manner in which the debtor is attempting to comply with the requirements of 11 U.S.C. § 365.

The issues in the instant case are whether the debtor may assume an executory contract without curing all defaults in full in the absence of consent by the other party to said contract; and whether the debtor may reject only certain portions of a contract and not a contract in its entirety.

11 U.S.C. § 365 does not permit the assumption of an executory contract in part and the rejection of its burdensome provisions. The debtor has cited the case of In the Matter of Minges, 602 F.2d 38 (2nd Cir.1979) for the proposition that an executory lease may be rejected in part. Initially, the Court notes that Minges was decided

under the Bankruptcy Act and not the Bankruptcy Reform Act of 1978. In *Minges,* the Court did not hold that the component parts of an executory lease may be rejected or accepted as a debtor wishes. While piecemeal acceptance or rejection was in evidence in *Minges,* that was not the issue on appeal. As the Court stated therein,

"In any event, we need not decide the question whether rejection of only a few of the executory covenants of a lease is permissible since appellant does not challenge the rejection on that basis."

The Court recognizes that § 365 of the Bankruptcy Code may be said to allow a limited modification of an executory contract or unexpired lease to enable a debtor to assume said contract or lease. Examples of this limited modification are the Code provisions which negate *ipso facto* or bankruptcy termination clauses (11 U.S.C. § 365(e)) and those Code provisions which limit the operation of anti-assignment clauses (11 U.S.C. § 365(f)). See *In re Huntington, Ltd.,* 654 F.2d 578 (9th Cir. 1981); *In re Fontainebleau Hotel Corporation,* 515 F.2d 913 (5th Cir.1975); *In re Queens Boulevard Wine & Liquor Company v. Blum,* 503 F.2d 202 (2d Cir.1974); *Weaver v. Hutson,* 459 F.2d 741 (4th Cir.1972); *In re Fleetwood Motel Company,* 335 F.2d 857 (3rd Cir.1964). The fact that debtors may cure defaults and reinstate contracts or leases also is perhaps the clearest example of the modification of an executory contract or unexpired lease.

The above-described exceptions to the general rule that § 365 of the Bankruptcy Code do not permit the assumption of an executory contract in part and the rejection of its burdensome provisions if these provisions go to the essence of the contract. Typically, a lease or contract is concerned with performance by both parties. In the absence of performance, termination may be appropriate. Those cases and Code provisions which limit termination clauses to enable a debtor to reorganize recognize that anti-assignment provisions or bankruptcy termination clauses are not the primary concern of the parties to a contract, but are tangential provisions. To the extent that these provisions are in conflict with the Congressional policy of enabling debtors to reorganize, they are not enforced. However, neither the Bankruptcy Code nor any Court has allowed the rejection or modification of an essential component of a contract or lease, such as the payment of royalties or the unilateral alteration of the percentage to be paid, where rent is being paid on a percentage of gross sales basis.

The language of § 70b of the Bankruptcy Act does not support the debtor's position either. Section 70b provides that:

"Unless a lease of real property expressly otherwise provides, a rejection of the lease or of any covenant therein by the trustee of the lessor does not deprive the lessee of his estate."

This is consistent with § 365(h)(1), which allows a lessee of a lease which has been rejected to remain in possession of the demised premises and offset against rent damages arising out of the rejection. This provision exists for the benefit of lessees and is not to be extrapolated from to enable a debtor/lessee to reject piecemeal provisions of a lease which it seeks to avoid, while accepting the benefits of said lease.

■ 11 U.S.C. § 365 is clear concerning what is required for the assumption of an executory contract or unexpired lease. 11 U.S.C. § 365(b)(1) states that if there has been a default in an unexpired lease, said lease may not be assumed unless the debtor

"(a) cures, or provides adequate assurance that (it) will promptly cure, such default;

(b) compensates, or provides adequate assurance that (it) will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(c) provides adequate assurance of future performance under such contract or lease."

Section 365 does not allow the assumption of an executory contract or unexpired lease with anything less than full cure of all defaults. A party's consent could eliminate the requirement of full cure, but this circumstance is not before the Court. If the

debtor were to obtain confirmation of its plan which provides for less than full cure of the default in an executory contract or unexpired lease with the assumption of said contract or lease, ADQ and DQF may be bound by the provisions of said plan. See 11 U.S.C. § 1141. However, the debtor in the instant case has not yet obtained confirmation of its plan; and, therefore, this Court is concerned only with the operation of § 365 of the Bankruptcy Code.

Therefore, for the above-stated reasons, the debtor's application to assume certain executory contracts and unexpired leases is granted, subject to the condition that the debtor comply with the provisions of 11 U.S.C. § 365, which require prompt cure of pre-petition defaults when an executory contract or unexpired lease is assumed. The Court notes that there is no question concerning the debtor's ability to cure its defaults. See Transcript of October 27, 1982 hearing, testimony of Blaine Livingston. The debtor is directed to file with the Court on or before April 15, 1983, a clear proposal concerning how it will cure its defaults under the subject contract and leases.

IT IS SO ORDERED.