**In the Matter of TERRACE APARTMENTS, LTD., a Georgia Limited Partnership, Debtor.**

**SECRETARY OF the ARMY, DEPARTMENT OF the ARMY, Movant,**

v.

**TERRACE APARTMENTS, LTD., Respondent.**

**Bankruptcy No. A89–01216–ADK.**

United States Bankruptcy Court
N.D. Georgia,
Atlanta Division.

Sept. 7, 1989.

---

Daniel Caldwell, Asst. U.S. Atty., Atlanta, Ga., for movant.

J. Michael Lamberth, Lamberth, Conapfel, Cifelli & Willson, P.A., Atlanta, Ga., for respondent.

## ORDER

A. DAVID KAHN, Chief Judge.

The Secretary of the Army, United States Department of Army [hereinafter "Movant"] filed a "Motion to Lift Stay or, in the Alternative, to Compel Acceptance or Rejection of Lease." A hearing was held on April 20, 1989, after which the Court took the matter under advisement and directed the Parties to file briefs. After reviewing the briefs, the Court asked for further briefs addressing the issue of whether the lease in question has been automatically rejected pursuant to § 365(d)(4). The Parties have now filed their additional briefs. The Court finds this matter to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2). After considering argument of counsel and the briefs filed, the Court makes the following findings of fact and conclusions of law.

The lease in question is a long-term lease in which the Movant leases real property to the Debtor for a rental rate of $100.00 per year. The purpose of the lease is to have the Debtor provide on the property low-cost rental housing to military and civilian personnel and their families.

Several issues regarding the lease in question are before the Court. First, did the Debtor's failure to file a motion to assume the lease within 60 days of the filing of its bankruptcy petition result in the automatic rejection of the lease pursuant to § 365(d)(4) of the Bankruptcy Code? Section 365(d)(4) provides that

[n]otwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of *nonresidential* real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period fixes, then such lease is *deemed rejected*, and the trustee shall immediately surrender such nonresidential real property to the lessor.

(emphasis added).

■ After consideration of the Parties' briefs on this issue and a review of the relevant case law and legislative history, the Court finds that § 365(d)(4) is not applicable to the lease in question. The Court agrees with the reasoning contained in the case of *In re Independence Village, Inc.,* 52 B.R. 715, 720–721 (Bankr.E.D.Mich. 1985). In that case, the court held that § 365(d)(4) does not apply to a lease for residential real property, even where the debtor does not reside in the property and holds it for commercial purposes only. The. Court finds that the property in this case is

residential in nature. Therefore, unless otherwise ordered or prohibited by another section of the Bankruptcy Code, the Debtor in the case *sub judice* has until confirmation of its plan of reorganization to assume the lease. § 365(d)(2).

The Movant contends that the automatic stay should be lifted so that he may terminate the lease because the lease is not subject to assumption under § 365(c)(1) and 41 U.S.C. § 15. Section 365(c)(1) provides that

> The Trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—
>
> > (1)(A) *applicable law* excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession whether or not such contract, or lease, prohibits or restricts assignment of rights or delegation of duties; and
> >
> > (B) such party does not consent to such assignment.

(emphasis added).

The "applicable law" cited by the Movant which he contends prohibits the Debtor from assuming or assigning the lease is 41 U.S.C. § 15, which provides, *inter alia,* that

> [n]o contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other party, and any such transfer shall cause the annulment of the contract or order transferred, so far as the United States are concerned.

■ This Court has previously held that § 365(c) applies only to nondelegable contracts such as personal service contracts. *See Abney v. Fulton County (In re Fulton Air Service, Inc.),* 34 B.R. 568 (Bankr.N.D. Ga.1983). The Court is aware of the authority to the contrary. *See, e.g., In re Pioneer Ford Sales, Inc.,* 729 F.2d 27 (1st Cir.1984); *Pension Benefit Guar. Corp. v. Braniff Airways, Inc., (In re Braniff Air-*

*ways, Inc.),* 700 F.2d 935 (5th Cir.1983); *Pennsylvania Peer Review Org., Inc. v. U.S. (In re Pennsylvania Peer Review Org. Inc.)* 50 B.R. 640 (Bankr.M.D.Pa. 1985). *See also, In re West Electronics, Inc.,* 852 F.2d 79 (3rd Cir.1988). However, this Court remains convinced that the reasoning contained in *Fulton Air Service, Inc.,* is sound. The previous law under the Bankruptcy Act of 1898, the early case law under the 1978 Code, and the distinction between § 365(c) and § 365(f) persuade the Court that Congress intended § 365(c) to be a narrow exception to the general rule that a debtor may assume executory contracts. In this Court's opinion, § 365(c) is limited to contracts which are dependent upon a special relationship, special knowledge, special skill, or talent which, under applicable nonbankruptcy law, are nondelegable. As an executory contract is often the major asset of a debtor, this interpretation best serves the purposes of the Bankruptcy Code which are, *inter alia,* the successful reorganization of a debtor in a Chapter 11 case or the maximizing of proceeds for the estate for the benefit of creditors in a Chapter 7 case.

■ Therefore, the Court finds that the Debtor may move to assume this lease. However, pursuant to § 365(b), in order to assume the lease, the Debtor will have to cure any default and provide the Movant with adequate assurance of future performance under the lease. In his motion Movant has requested the alternative relief of the entry of an order compelling the Debtor to assume or reject the lease. Because of the nature of the lease in providing housing to military and civilian personnel, the Court finds it reasonable to require the Debtor to file a motion to assume or reject the lease on or before September 29, 1989.

Thus, in accordance with the reasoning above, IT IS THE ORDER OF THE COURT that the "Motion to Lift Stay or, in the Alternative, to Compel Acceptance or Rejection of Lease" filed by the Secretary of the Army, United States Department of Army be, and the same hereby is, DENIED in part and GRANTED in part:

**385**

Movant's request for relief from stay is hereby DENIED, and Movant's request to compel acceptance or rejection of the lease is hereby GRANTED.

The Debtor is hereby directed to file a motion to assume or reject the lease on or before September 29, 1989.

IT IS SO ORDERED.