**In re JAMES CABLE PARTNERS, L.P., Debtor.**

**CITY OF JAMESTOWN, TENNESSEE, Appellant,**

**v.**

**JAMES CABLE PARTNERS, L.P., Appellee.**

**C.A. 93–32–4–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

June 4, 1993.

Frank William DeBorde, David Alan Rabin, Atlanta, GA, for appellant.

Morris W. Macey, Atlanta, GA, for appellee.

OWENS, Chief Judge:

Before the court is an appeal by the City of Jamestown of an order issued by the United States Bankruptcy Court for the Middle District of Georgia. *See In re James Cable Partners, L.P.*, 148 B.R. 59 (Bankr.M.D.Ga.1992). Appellant presents the following question for review on appeal: Whether a cable television franchise agreement between appellant and appellee can be assumed by appellee as debtor in possession over appellant's objection under 11 U.S.C. § 365(c)(1).

### FACTS

On March 14, 1977, the City of Jamestown, Tennessee ("City") granted one Clarence Harding the exclusive right to erect,

maintain, and operate a cable television system within its municipal limits. This grant was enacted into law through Ordinance No. I 3–1–77 ("Ordinance").

Under the Ordinance:

The rights and privileges herein granted shall not be assignable nor transferable in any bankruptcy proceedings, trusteeship, receivership or by operation of any law, and in the event of such assignment or transfer, this grant shall terminate forthwith, nor shall said company sell, lease, assign or otherwise alienate this grant of any privilege hereunder without the prior approval of the Board of Mayor and Aldermen.

The Board of Mayor and Aldermen ("Board") subsequently consented to the assignment of the franchise to two other cable television companies. In June, 1988, the City consented to the assignment of the franchise to the Debtor and further consented to the Debtor's assignment of the franchise to a bank as security for a loan by which to purchase the franchise.

The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Georgia on June 26, 1991. The Debtor subsequently filed a Plan for Reorganization, under which it wants to assume the cable franchise agreement as an executory contract. The City filed an objection to the confirmation of the Plan, in which it specifically objected to the Debtor's assumption of the cable franchise agreement.

The bankruptcy court entered an order confirming the Debtor's Plan on August 18, 1992, but reserved a ruling upon the City's objection to the Debtor's assumption of the cable franchise agreement. The City's objection was heard at a hearing held on October 13, 1992. The court overruled the objection and permitted the Debtor to assume the franchise in an order entered on December 4, 1992. *See In re James Cable,* 148 B.R. at 61. The City has now appealed this order.

## DISCUSSION

The City contends that under 11 U.S.C. § 365(c), the Debtor cannot assume the cable franchise agreement without the City's consent. This section of the Bankruptcy Code applies to the assumption and/or assignment of contracts that were executory at the time at which the Debtor filed its bankruptcy petition.

In bankruptcy cases, the trustee (or debtor in possession) has the power to assign executory contracts "notwithstanding a provision in an executory contract ... of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease." 11 U.S.C. § 365(f). However this power is subject to the limitation in § 365(c), which states as follows:

The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and

(B) such party does not consent to such assumption or assignment....

Some courts have narrowed the scope of § 365(c) by limiting its application to personal service contracts only. *See, e.g., Secretary of the Army v. Terrace Apartments, Ltd. (In re Terrace Apartments, Ltd.),* 107 B.R. 382 (Bankr.N.D.Ga.1989); *In re Compass Van & Storage Corp.,* 65 B.R. 1007 (Bankr.E.D.N.Y.1986).

However, other courts have held that § 365(c) applies to all contracts that are unassignable under nonbankruptcy law. *See In re West Electronics, Inc.,* 852 F.2d 79 (3rd Cir.1988); *In re Pioneer Ford Sales, Inc.,* 729 F.2d 27 (1st Cir.1984); *In re Braniff Airways, Inc.,* 700 F.2d 935 (5th Cir.), *reh'g denied,* 705 F.2d 450 (5th Cir.

1983); *In re Sunrise Restaurants, Inc.*, 135 B.R. 149 (Bankr.M.D.Fla.1991); *In re Fastrax, Inc.*, 129 B.R. 274 (Bankr. M.D.Fla.1991).

This court finds that the application of § 365(c) is not limited to personal service contracts. Nothing in the express language of the statute indicates that "applicable law" consists only of laws which apply to personal service contracts. Consequently, the cable franchise contract at issue in this case is within the scope of § 365(c).

■ There is also a split among the courts as to whether § 365(c) applies to cases in which the debtor in possession is the entity that is assuming the executory contract at issue. Under one approach, § 365(c) applies only when the entity seeking to assume the contract is an entity other than the debtor or debtor in possession. In other words, § 365(c) applies only to cases when the trustee or debtor in possession is seeking to assign the contract to a third party. *See In re Fastrax*, 129 B.R. at 277–78 (Bankr.M.D.Fla.1992). Since the debtor in possession is the entity seeking to assume the cable franchise contract in this case, § 365(c) would not prohibit the assumption under this approach.

In contrast, under the second approach, called the "hypothetical test," § 365(c) applies to the assumption or assignment of any contract of which "under the applicable law, ... the [other party could] refuse performance from 'an entity other than the debtor or the debtor in possession.' " *In re West Electronics Inc.*, 852 F.2d 79, 83 (3d Cir.1988). Hence, this section is "applicable to any contract subject to a legal prohibition against assignment." *Id.* In the case at bar, the City ordinance requires the Debtor to obtain City approval prior to any assignment of the cable franchise agreement to a third party. Thus, under the hypothetical test, the assumption would be prohibited by § 365(c).

The Third Circuit provided the following rationale for adopting its hypothetical test:

The literal meaning of the words chosen by Congress clearly requires the analysis

and conclusion we have just articulated and we are confident that it is what Congress intended. We think that by including the words "or the debtor in possession" in 11 U.S.C. § 365(c)(1) Congress anticipated an argument like the one here made and wanted that section to reflect its judgment that in the context of the assumption and assignment of executory contracts, a solvent contractor and an insolvent debtor in possession going through bankruptcy are materially distinct entities.

*Id.*

In the case at bar, the bankruptcy court rejected the hypothetical test and held that where the debtor in possession seeks only to assume the contract and not to assign it to a third party, § 365(c) does not apply. The court based its decision upon its finding that whether the entity seeking to assume the contract is classified as the "debtor" or "debtor in possession", it is the same entity that existed before the filing of the bankruptcy petition. *See In re James Cable*, 148 B.R. at 62. Therefore, the debtor's assumption of the cable franchise agreement was not prohibited. Several other courts have also rejected the Third Circuit's hypothetical test. *See In re Fastrax, Inc.*, 129 B.R. 274 (Bankr.M.D.Fla.1991); *In re Hartec Enterprises, Inc.*, 117 B.R. 865 (Bankr.W.D.Tex.1990), *vacated on other grounds*, 130 B.R. 929 (W.D.Tex.1991); *In re Cardinal Industries, Inc.*, 116 B.R. 964 (Bankr.S.D.Ohio 1990).

This court agrees with the bankruptcy court and these other courts and rejects the hypothetical test. First, this court finds no reason to distinguish between the Debtor as the debtor in possession and the Debtor as a prepetition contractor. A debtor in possession is a debtor's successor of interest and has acquired all of its rights and assets, including the rights under an executory contract. *In re Fastrax, Inc.*, 129 B.R. at 277. Moreover, these rights are acquired without an assignment from the debtor to the debtor in possession. *Id.* Thus, as no real transfer occurs when a debtor in possession "steps into the shoes" of the debtor, it makes no sense to prohibit

the debtor in possession from "assuming" an executory contract from itself.

In addition, as the Bankruptcy Court for the Western District of Texas stated:

> The hypothetical test ... violates a basic rule of statutory construction that a court should give effect to every word in a statute. If the directive of Section 365(c)((1) is to prohibit assumption whenever applicable law excuses performance relative to any entity other than the debtor, why add the words "or the debtor in possession?" The *West* test renders this phrase surplusage.
>
> The *West* test also subverts a basic bankruptcy policy that abhors the operation of so-called "ipso facto" clauses. These are clauses which trigger a default, forfeiture or termination upon the happenstance of bankruptcy. They are rendered inoperative by other subsections in Section 365. *See* 11 U.S.C. § 365(b)(2), (e)(1).

*In re Hartec,* 117 B.R. at 872; *see also In re Cardinal,* 116 B.R. at 975–82.

Hence, this court rejects the hypothetical test for determining the applicability of § 365(c) of the Bankruptcy Code. The appropriate test is to ask whether the entity seeking to assume the executory contract is someone other than the debtor or debtor in possession.

Under this test, because the debtor in possession is the entity seeking to assume an executory contract rather than a third party, § 365(c) does not prohibit the assumption in this case. Accordingly, the order of the bankruptcy court is **AFFIRMED.**

**SO ORDERED.**