In re JAMES CABLE PARTNERS, L.P., Debtor.

The CITY OF JAMESTOWN, TENNESSEE, Plaintiff–Appellant,

v.

JAMES CABLE PARTNERS, L.P., Defendant–Appellee.

No. 93–8898.

United States Court of Appeals, Eleventh Circuit.

Aug. 3, 1994.

Frank William DeBorde, David A. Rabin, Morris, Manning & Martin, Atlanta, GA, for appellant.

Morris W. Macey, James R. Sacca, Atlanta, GA, for appellee.

Before COX, Circuit Judge, JOHNSON, Senior Circuit Judge, and PAINE *, Senior District Judge.

PER CURIAM:

On this appeal we address the question of whether a cable television franchise agreement between a debtor and non-debtor may be assumed by that debtor as debtor in possession over the non-debtor's objection under 11 U.S.C. § 365(c)(1). We conclude that such an assumption is permissible.

## I. BACKGROUND

In March of 1977, the City of Jamestown, Tennessee (the "City"), granted Clarence R. Harding the exclusive right to erect, maintain, and operate a cable television system within its municipal limits (the "cable franchise agreement"). That grant was enacted into law as City Ordinance No. I 3–1–77 (the

---

* Honorable James C. Paine, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

"Ordinance"). Section 12 of the Ordinance states:

> The rights and privileges herein granted shall not be assignable nor transferable in any bankruptcy proceedings, trusteeship, receivership or by operation of any law, and in the event of such assignment or transfer, this grant shall terminate forthwith, nor shall said company sell, lease, assign, or otherwise alienate this grant or any privilege hereunder without the prior approval of the Board of Mayor and Aldermen.

Jamestown, Tenn., Ordinance I § 12 (Mar. 1, 1977). The City subsequently approved the assignment of the cable franchise agreement to Mountain Cablevision, Ltd., and later to Paradigm Communications, Inc. Ultimately, the City approved the assignment of the cable franchise agreement to James Cable Partners, L.P. ("James Cable"). James Cable paid the City $1.5 million for the cable franchise.[1] In addition, James Cable expended approximately $500,000 on improvements to the cable system.[2]

In June of 1991, James Cable filed a petition under Chapter 11 of the Bankruptcy Code. Thereafter, James Cable filed a Plan of Reorganization in which James Cable as debtor in possession sought to assume the cable franchise agreement from itself as debtor. The City objected to the proposed assumption, arguing that 11 U.S.C. § 365(c)(1) prohibits James Cable as debtor in possession from assuming the cable franchise agreement without the City's consent. (Ex.1 at 352). The bankruptcy judge treated the City's objection as an objection to the assumption of the cable franchise agreement as opposed to a general objection to James Cable's Reorganization Plan. (Ex.1 at 359). The bankruptcy judge confirmed James Cable's Reorganization Plan, but reserved ruling on the City's objection. (Ex.1 at 366). After a hearing, the bankruptcy judge overruled the City's objection and permitted James Cable as debtor in possession to assume the cable franchise agreement. (Ex.1

at 444, 445).[3] The City appealed to the district court. The district court affirmed the bankruptcy judge's order, concluding that § 365(c)(1) of the Bankruptcy Code does not prohibit the assumption of any executory contract by a debtor in possession from the debtor itself. *In re James Cable Partners, L.P.*, 154 B.R. 813, 816 (M.D.Ga.1993). This appeal follows.

## II. CONTENTIONS OF THE PARTIES AND ISSUE ON APPEAL

The City contends that 11 U.S.C. § 365(c)(1) prohibits James Cable from assuming the cable franchise agreement without its consent because the municipal ordinance granting the franchise prohibits assignment absent consent from the City, and that the district court erred in holding otherwise. James Cable counters that § 365(c)(1) does not prohibit assumption of this executory contract by the debtor in possession from the debtor itself and that the district court must therefore be affirmed.

## III. STANDARD OF REVIEW

■ We review questions regarding the interpretation and application of the Bankruptcy Code de novo. *In re Chase & Sanborn Corp. v. Arab Banking Corp.*, 904 F.2d 588, 593 (11th Cir.1990).

## IV. DISCUSSION

■ We must interpret and apply 11 U.S.C. § 365 in order to determine whether James Cable as debtor in possession may assume this cable franchise agreement from itself as debtor over the objection of the City—the non-debtor party to the cable franchise agreement. The starting point in statutory interpretation is the language of the statute itself. *Gonzalez v. McNary*, 980 F.2d 1418, 1420 (11th Cir.1993). Where a statute is unambiguous, we need not go behind its text. *See U.S. v. Rush*, 874 F.2d 1513, 1514

---

**1.** *In re James Cable Partners,* 148 B.R. 59, 60 (Bankr.M.D.Ga.1992).

**2.** *Id.*

**3.** The bankruptcy judge's opinion is published at *In re James Cable Partners, L.P.,* 148 B.R. 59 (Bankr.M.D.Ga.1992).

(11th Cir.1989).[4] We conclude that § 365, as applied to this case, permits the debtor in possession to assume this executory contract.

Subsection 365(a) states that "[e]xcept as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C.A. § 365(a) (West 1993). A debtor in possession generally has all the rights, powers, and duties of a trustee. 11 U.S.C.A. § 1106 (West 1993). Thus, as a general rule, a debtor in possession may assume any executory contract from itself as debtor. The City contends that James Cable may not assume the cable franchise agreement pursuant to § 365(a) because this case falls within an exception to § 365(a)—§ 365(c)(1). Our task, then, is to determine whether this case falls within the ambit of § 365(c)(1).

Subsection 365(c)(1) states in relevant part:

(c) The trustee [read debtor in possession] may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; *and*

(B) such party does not consent to such assumption or assignment; ....

11 U.S.C.A. § 365(c) (West 1993) (emphasis added).[5] Under the plain language of § 365(c)(1), James Cable (debtor in possession) may not assume the cable franchise agreement (an executory contract), without regard to whether the cable franchise agreement contains a prohibition against assignment, if two conditions are met. First, "applicable law" must excuse the City from accepting performance from an entity other than James Cable as debtor or debtor in possession. Second, the City must not have consented to the assumption of the cable franchise agreement. As to the second condition, the City clearly did not consent to James Cable's assumption of the agreement. However, the first condition of § 365(c)(1) is not met in this case.

■ The first condition presents a hypothetical question: Whether under applicable law the City is excused from accepting performance from a third party, that is, a party other than James Cable as debtor or debtor in possession.[6] The threshold inquiry in answering this hypothetical question is what constitutes "applicable law" within the meaning of § 365(c)(1). The City argues that section 12 of the Ordinance constitutes applicable law that excuses it from accepting performance from an entity other than James Cable as debtor or debtor in possession within the meaning of § 365(c)(1).[7] We disagree.

■ In determining what constitutes applicable law within the meaning of § 365(c)(1), § 365(c)(1) should not be read in a vacuum. Rather, we must read it together with the other subsections in § 365. Subsec-

---

**4.** We note that a sister circuit has previously recognized that § 365 "provides a means whereby a debtor can force others to continue to do business with it when the bankruptcy filing might otherwise make them reluctant to do so. The section thus serves the purpose of making the debtor's rehabilitation more likely." *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1310 (5th Cir.1985).

**5.** We note that § 365(c)(1) is written in the conjunctive.

**6.** The Third Circuit has previously cast § 365(c)(1) as a hypothetical. *In re West Elecs. Inc.,* 852 F.2d 79, 83 (3d Cir.1988). However,

some courts, including the district court in this case, have explicitly rejected the Third Circuit's "hypothetical test." *In re James Cable,* 154 B.R. at 815; *Texaco Inc. v. Louisiana Land & Exploration Co.,* 136 B.R. 658, 670 (M.D.La.1992); *In re Fastrax, Inc.,* 129 B.R. 274, 277 (Bankr.M.D.Fla. 1991); *In re Hartec Enters., Inc.,* 117 B.R. 865, 871–72 (Bankr.W.D.Tex.1990), *vacated on other grounds,* 130 B.R. 929 (W.D.Tex.1991).

**7.** The bankruptcy judge, as well as the district court, treated the Ordinance as the "applicable law" within the meaning of § 365(c)(1). *In re James Cable,* 154 B.R. at 815; *In re James Cable,* 148 B.R. at 60.

tion 365(f)(1) provides, in relevant part, that "[e]xcept as provided in subsection (c) of this section, *notwithstanding* a provision in an executory contract or unexpired lease of the debtor, or in *applicable law, that prohibits,* restricts, or conditions the *assignment* of such contract or lease, *the trustee may assign such contract* or lease." 11 U.S.C.A. § 365(f)(1) (West 1993) (emphasis added). Thus, § 365(f)(1) states the general rule that a trustee (or debtor in possession) may assign an executory contract of a debtor notwithstanding "applicable law" that prohibits assignment. Moreover, § 365(f)(1) explicitly recognizes that § 365(c) limits a trustee's power of assignment.

■ "A statute should be construed so that effect is given to all its provisions, so that no part of it will be inoperative or superfluous, void or insignificant." *Gonzalez,* 980 F.2d at 1420. Subsection (f) states that "applicable law" prohibiting assignment of an executory contract does not bar assignment of an executory contract by a trustee (or debtor in possession). Thus, the "applicable law" to which subsection (c) refers must mean "applicable law" other than general prohibitions barring assignment.[8] The "applicable law" to which both subsections refer is obviously non-bankruptcy law. This case involves a cable franchise in Jamestown, Tennessee. We thus look to Tennessee law as

the "applicable law." Subsection (c), as applied in this case, therefore asks whether Tennessee law excuses the City from accepting performance under the cable franchise agreement from a third party—an entity other than James Cable.

A general prohibition against assignment does not excuse the City from accepting performance from a third party within the meaning of § 365(c)(1). In order to be excused from accepting performance, the City would need to point to applicable law such as a Tennessee law that renders performance under the cable franchise agreement nondelegable.[9] A classic example of a contract under which performance is nondelegable is a personal service contract. The City proffers no Tennessee law, other than the general prohibition against assignment found in section 12 of the Ordinance and laws validating such a prohibition, that would excuse the City from accepting performance from a third party. Accordingly, we conclude that applicable Tennessee law does not excuse the City from accepting performance from an entity other than James Cable, that the § 365(c)(1) exception does not apply in this case, and that James Cable as debtor in possession may therefore assume the cable franchise agreement from itself as debtor under 11 U.S.C. § 365(a).[10]

---

**8.** Our analysis regarding subsection (f)'s language regarding applicable law prohibiting assignment is equally relevant to assumptions of executory contracts. Subsection (f) establishes that assumption is a condition precedent to assignment: "The trustee may assign an executory contract ... of the debtor only if" the trustee first assumes that contract. 11 U.S.C.A. § 365(f)(2) (West 1993). Therefore, non-bankruptcy laws prohibiting assignment can not bar assumption, otherwise subsection (f) would be rendered a nullity.

**9.** A number of bankruptcy courts have concluded that 11 U.S.C. § 365(c) only applies to "nondelegable contracts such as personal service contracts." *In re Terrace Apartments, Ltd.,* 107 B.R. 382, 384 (Bankr.N.D.Ga.1989); *see also In re Raby,* 139 B.R. 833, 835 (Bankr.N.D.Ohio 1991); *In re Sunrise Restaurants, Inc.,* 135 B.R. 149, 153 (Bankr.M.D.Fla.1991); *In re Fulton Air Serv., Inc.,* 34 B.R. 568, 572 (Bankr.N.D.Ga.1983); *In re Taylor Mfg., Inc.,* 6 B.R. 370, 372 (Bankr. N.D.Ga.1980). Several of our sister circuits, however, have concluded that § 365(c) applies more broadly "to contracts that are not assigna-

ble under nonbankruptcy law." *In re Pioneer Ford Sales, Inc.,* 729 F.2d 27, 29 (1st Cir.1984); *see also In re West,* 852 F.2d at 83; *In re Braniff Airways, Inc.,* 700 F.2d 935, 943 (5th Cir.1983).

**10.** In its objection to James Cable's assumption of the cable franchise agreement, the City argued that James Cable's proposed assumption also runs afoul of 11 U.S.C. § 365(b). (Ex.1 at 352). Section 365(b) states, in pertinent part:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
(C) provides adequate assurance of future performance under such contract or lease.

## V.  CONCLUSION

For the foregoing reasons, we affirm the district court.

**AFFIRMED.**

11 U.S.C.A. § 365(b) (West 1993).  The bankruptcy judge, having concluded that the cable franchise agreement was assumable by James Cable as debtor in possession, recognized that "[i]f Debtor's performance under the franchise agreement is not satisfactory, the City can present that issue to a court of competent jurisdiction.  In ruling on the issue of assumption, the Court need not consider the City's assertion that it is not satisfied with Debtor's performance." *In re James Cable*, 148 B.R. at 62.  Whether James Cable can satisfy the requirements of § 365(b) is not before us.