**In re MORANDE ENTERPRISES, INC., Debtor.**

No. 9:05–bk–00699–ALP.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Sept. 8, 2005.

Stephen R. Leslie, Stichter Riedel Blain Prosser, PA, Tampa, FL, for Debtor.

**_FINAL ORDER ON APPROVAL OF (I) SALE OF, AND CORRESPONDING ASSUMPTION AND ASSIGNMENT OF MAZDA DEALER AGREEMENT, FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 365; and (II) SALE OF MAZDA VEHICLE INVENTORY AND PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES_**

(Doc No. 113)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this yet to be confirmed Chapter 11 case of Morande Enterprises, Inc., (the Debtor) is a narrow and discreet issue that arises in the context of two motions: first, a Motion for Determination that Automatic Stay Does Not Apply to Deactivation of Dealer Code, or, in the Alternative, Motion for Relief from Stay (Doc. No. 37), filed by Mazda Motors of America, Inc (Mazda) (the Stay Relief Motion); and second, a Motion for Entry of Order (I) Approving Sale of, and Corresponding Assumption and Assignment of Mazda Dealer Agreement, Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 105(a), 363, and 365; and (II) Approving Sale of Mazda Vehicle Inventory and Personal Property Free and Clear of Liens, Claims and Encumbrances (Doc.

No. 113), filed by the Debtor (the Sale Motion). The dispute underlying these Motions is whether the Debtor can assume and assign the agreement in effect between the Mazda and the Debtor (the Dealer Agreement), particularly given the terms of the sale as currently contemplated. The narrow issue currently before this Court is whether 11 U.S.C. § 365(f) trumps the provisions of the Dealer Agreement and the Florida Motor Vehicle Dealership Law, Section 320.643(1)(a), Florida Statutes (the Florida Dealer Law). The undisputed facts appear from the record as follows.

The Debtor is a Florida corporation operating a new and used car dealership, including a full repair and body shop. The Debtor operates as an authorized dealer under the terms of the Dealer Agreement with Mazda. Under the Dealer Agreement, the Debtor is authorized to operate a dealership at a specific location, 8300 Radio Road, Naples, Florida, and this is the only location at which the Debtor is permitted to operate a dealership. (Dealer Agreement Para. 7A) ("Dealer may not, either directly or indirectly, display Mazda Marks or establish or conduct any Dealership Operations, including the display, sale and servicing of Mazda Products, at any location or facility other than those approved in this Agreement."). In addition to the exclusive location provision, the Dealer Agreement provides that "Mazda is under no obligation to consider a change in any such location." (Dealer Agreement Para. 7A) (this paragraph shall be referred to as the Location Provision).

The issue presently before this Court has filtered down through various motions in this case. On January 28, 2005, Mazda filed the Stay Relief Motion. On February 24, 2005, the Debtor filed the Sale Motion. On the same day, the Debtor filed a Motion for Entry of Order Approving Bidding

Procedure on Sale of Mazda Dealer Agreement, Mazda Vehicle Inventory and Personal Property (Doc. No. 124).

On March 9, 2005, this Court heard arguments of counsel for the parties in interest, including Mazda, to consider the approval of the auction procedure, albeit not as it was presented in its original form. In a subsequent Order (Doc. No. 189), this Court made it clear that approval of the auction procedure should not be construed as an approval of the sale, and certainly not the disapproval of Mazda's challenge of the Debtor's right to assume and assign the Dealer Agreement.

On April 4, 2005, this Court deferred ruling on the Stay Relief Motion by entering an Order deferring ruling on the Motion for Determination that Automatic Stay Does Not Apply to Deactivation of Dealer Code, or, in the alternative Motion for Relief from Stay Pending the Resolution of the Proposed Sale of All Assets of the Mazda Dealership (Doc. No. 209).

The Debtor conducted the auction on April 6, 2005, announcing Germain Motor Company (Germain) as the successful bidder. It is clear that Germain does not intend to operate the dealership at the present location, which would violate the Location Provision. By Order (Doc. No. 243), this Court approved the Sale Motion in part (finding that the parties acted in good faith, the terms were fair and reasonable, and the sale was conducted at arm's length), but withheld judgment and left the issue open pending further submissions of the parties on whether the Debtor can assume and assign the Dealer Agreement to Germain, pending resolution of the dispute in the instant matter. The Debtor argues that it can assume and assign the Dealer Agreement to Germain without Mazda's consent, notwithstanding the Location Provision and the Florida Dealer Law because § 365(f) trumps both of these

provisions. After a hearing on oral argument held June 22, 2005 and considering memoranda of law filed by both parties, this Court concludes as follows.

■ Section 365(f) governs assignment of executory contracts, and overrides certain provisions that restrict a debtor's right to assign a contract. The subsection reads:

"(f) Except as provided in subsection (c) of this section, notwithstanding a provision in an executory contract ... of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract ..., the trustee may assign such contract...."

§ 365(f)(1). Under this subsection, a contract provision or nonbankruptcy law that burdens assignment of an executory contract is trumped by bankruptcy law, and the court ignores the provision in determining the assignment of the contract. *City of Jamestown v. James Cable Partners, L.P. (In re James Cable Partners, L.P.)*, 27 F.3d 534, 538 (11th Cir.1994). The Debtor argues that as provisions prohibiting, restricting or conditioning assignment are invalid, the Dealer Agreement is assignable notwithstanding the Location Provision and the Florida Dealer Law. Those provisions, the argument goes, constitute "a provision in an executory contract" and "applicable law" that condition assignment, and as such are ignored when considering whether the contract is assignable.

Although in this instance the Location Provision and the Florida Dealer Law may combine to restrict the assignment of the contract, they do so only incidentally. First, the Location Provision prevents the franchisee under the agreement from operating the franchise at a location other than the one specified in the contract, without Mazda's consent. Second, the Florida Dealer Law prevents an assignment of a franchise agreement unless the assignee complies with all provisions of the agreement. § 320.643(1)(a), Fla. Stat. ("No such transfer, assign, or sale shall be valid unless the transferee agrees in writing to comply with all requirements of the franchise then in effect."). Neither provision is directed at limiting the assignment of an agreement.

The provisions at issue are far different from the blanket restrictions on assignment at which § 365(f)(1) is directed. *See, e.g., James Cable*, 27 F.3d at 536 ("The rights and privileges herein granted shall not be assignable nor transferable in any bankruptcy proceedings, trusteeship, receivership, or by operation of any law, and in the event of such assignment or transfer, this grant shall terminate, nor shall said company sell, lease assign ... without prior approval...."); *In re Jamesway Corp.*, 201 B.R. 73, 78 (Bankr.S.D.N.Y. 1996) (discussing cases invalidating provisions conditioning assignment upon payment of a portion of the proceeds received by the debtor under the assignment).

Courts have held that § 365(f) does not apply to provisions that have justifications beyond any incidental restrictions on assignment. *See, e.g., In re Kennesaw Dairy Queen Brazier*, 28 B.R. 535 (Bankr. N.D.Ga.1983) (noting that the court cannot allow assumption without including an "essential component of a contract"); *In re Pioneer Ford Sales, Inc.*, 729 F.2d 27 (1st Cir.1984) (holding that prospective assignee must meet capital requirements in dealer agreement). Clearly, Mazda has important economic reasons for the Location Provision. *See, Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1293 (11th Cir.2001) (upholding manufacturer's disapproval of sale based on proposed relocation); *Gus Machado Buick–GMC Truck, Inc. v. General Motors Corp.*, 623 So.2d 810 (Fla. 1st DCA 1993) (discussing the

"importance of location and the effect of a relocation" on an automobile franchise). Otherwise, a manufacturer who grants a franchise in a specific location could be stuck with a franchise moved to an entirely undesirable and unproductive one. Because the Location Provision is not directed at preventing or conditioning assignment, but to ensure that one of the key provisions of the Dealer Agreement is not unilaterally altered, § 365(f) does not invalidate the provision.

■ Rather than trumping the Florida Dealer Law, § 365 contains the same requirement that an assignee under an assumed and assigned contract must comply with all of the terms of the contract. The law is clear that an "executory contract may not be assumed in part and rejected in part." *In re Yates Development, Inc.*, 241 B.R. 247, 252 (Bankr.M.D.Fla.1999). "If a contract is executory, it may be assumed only in whole and not in part." *In re Hamilton Roe Int'l, Inc.*, 162 B.R. 590, 596 (Bankr.M.D.Fla.1993). "It is black letter law that an executory contract must be either assumed in its entirety, cum onere, or completely rejected." *In re Beverage Canners Int'l Corp.*, 255 B.R. 89, 95 (Bankr.S.D.Fla.2000). The Debtor cannot assume and assign the contract in part, under either § 365 or the Florida Dealer Law, but must do so in whole, including the Location Provision. Based on the foregoing, this Court concludes that § 365 does not operate to invalidate the Location Provision, and if the Debtor chooses to assume and assign the Dealer Agreement, it must include the Location Provision.

■ To assume and assign an executory contract, the Debtor must also meet the specific requirements. § 365(f)(2) ("The trustee may assign an executory contract ... only if (A) the trustee assumes such contract ... in accordance with the provisions of this section; and (B) adequate assurance of future performance by the assignee ... is provided"). A trustee may not assume an executory contract, unless the trustee first: (A) cures, or provides adequate assurance that the trustee will promptly cure, any defaults; (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from any defaults; and (C) provides adequate assurance of future performance under such contract. § 365(b)(1).

■ Generally curing a default can be as simple as making any overdue payments. In this case, because the sale as proposed contemplates the assignee operating under the Dealer Agreement at a different location, two complicating factors are present that make cure difficult. First, the breach of the Location Provision is non-monetary in nature, requiring more than simply curing any past-due payment arrearages. Second, the breach is prospective. Neither the Debtor nor any successful bidder has breached the Location Provision yet. However, the proposed sale as it currently stands does contemplate a future breach of this provision. The proposed sale involves an assumption and assignment of the lease, followed by a relocation without Mazda's consent, in violation of the provisions of the Dealer Agreement.

Assuming without conceding that the Debtor may be able to meet the requirements of § 365(b) with regards to assumption by curing past defaults and compensating Mazda for any actual losses, it seems unlikely that the Debtor can provide adequate assurance of future performance on the part of the assignee, as required by § 365(f)(2), due to the fact that the sale as currently proposed includes a breach of the Location Provision.

This Court is satisfied that the assignee must accept the Dealer Agreement as written, and that the Debtor may not assign it unless the assignment is of the agreement in toto, including the Location Provision contingent upon Mazda's consent. While there is insufficient evidence in the record before this Court concerning adequate assurance of future performance on the part of the Debtor if it chooses to assume the contract, based on the foregoing, this Court is satisfied that the assumption and assignment as proposed cannot be approved because the assignee will not perform under the terms of the contract as currently written, including all the terms of the Location Provision.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that 11 U.S.C. § 365(f) does not trump Section 320.643(1)(a), Florida Statutes and the provisions of the franchise agreement in effect between Mazda and the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor may assume and assign the franchise agreement, but must do so in toto, including the provision restricting operation to an exclusive location and requiring Mazda's consent to relocate. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor may assume the Dealer Agreement provided it can comply with the requirements for assumption as set forth in 11 U.S.C. § 365(b). It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Entry of Order (I) Approving Sale of, and Corresponding Assumption and Assignment of Mazda Dealer Agreement, Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 105(a), 363, and 365; and (II) Approving Sale of Mazda Vehicle Inventory and Personal Property Free and Clear of Liens, Claims and Encumbrances (Doc. No. 113) as presented to this Court is denied without prejudice.